■ ADAM LISS, an Infant, by His Mother and Natural Guardian, ALICE LISS, et al., Respondents, v ARMSTRONG FURNACE COMPANY, Defendants and Third-Party Plaintiffs-Respondents, and SHELDON LISS et al., as Executors of IRWIN LISS, Deceased, Appellants. ELIZABETH A. HORTON MEMORIAL HOSPITAL et al., Third-Party Defendants-Respondents. (Action No. 1.) CHARLES M. EDWARDS, Respondent, v SHELDON LISS et al., as Executors of IRWIN LISS, Deceased, Appellants, and ARMSTRONG FURNACE COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. ALICE LISS, Third-Party Defendant-Appellant, et al., Third-Party Defendants-Respondents. (Action No. 2.) SHELDON LISS et al., Individually and as Executors of IRWIN LISS, Deceased, Respondents, v ARMSTRONG FURNACE COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. ALICE LISS, Third-Party Defendant-Appellant, et al., Third-Party Defendants-Respondents. (Action No. 3.) — In actions (1) to recover damages, *inter alia,* for personal injuries sustained by the infant plaintiff Adam Liss (Action No. 1), (2) to recover damages for personal injuries sustained by plaintiff Charles M. Edwards (Action No. 2), and (3) to recover damages for the wrongful death of Irwin Liss (Action No. 3), the executors of the estate of Irwin Liss, as defendants in Actions Nos. 1 and 2, and Alice Liss, as third-party defendant in Actions Nos. 2 and 3, separately appeal from an order of the Supreme Court (Coppola, J.), dated July 6, 1982 and entered in Orange County, which denied the motion of the aforesaid executors, which was joined in by third-party defendant Alice Liss, to sever Action No. 3 from Actions Nos. 1 and 2. Order affirmed, without costs or disbursements. In our opinion, the appellants have not presented competent evidence demonstrating that the previously ordered joint trial is likely to prejudice the executors as defendants in Actions Nos. 1 and 2 and Alice Liss as a third-party defendant in Actions Nos. 2 and 3. We note that the record does not contain excerpts from examinations before trial or statements of witnesses. Appellants' fears are based upon attorney speculation as to which witnesses will testify, the substance of their testimony, the rulings expected from a trial court at a trial which has yet to take place and misconceptions concerning the "Dead Man's Statute" (see CPLR 4519; see, also, *Matter of Wood,* 52 NY2d 139). Moreover, the joint trial order was granted on application of the executors, who thereafter moved for a severance. Accordingly, Special Term properly exercised its discretion in denying the motion. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ SAM MANGANERO, Plaintiff, v JOHN GREGA, Respondent, and VOLKSWAGEN OF AMERICA, INC., Appellant. — In an action, *inter alia,* to recover damages for personal injuries, defendant Volkswagen of America, Inc., appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated May 21, 1980, which granted the motion of defendant Grega to compel Volkswagen to supply him with the names, addresses, backgrounds, and reports of its expert witnesses. Order reversed, with $50 costs and disbursements, and motion denied. The record fails to establish "a change in conditions and that withholding [the material sought] will result in injustice or undue hardship" (see CPLR 3101, subd [d]). Thus, the material sought to be discovered is not obtainable and the motion should have been denied. Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.