OPINION OF THE COURT
Lee L. Holzman, S.
Decedent’s sister, the administratrix of the estate, filed this SCPA 2103 discovery petition in which she seeks to recover from another sister cash removed from decedent’s safe-deposit box. Decedent’s sole distributee was his mother.
*956 The provisions of CPLR 4519 (the Dead Man’s Statute) also hovered as a cloud to obfuscate the transactions which are the subject matter of this litigation. This statute bars a person interested in a claim against the estate from testifying about a personal transaction with the decedent. However, this impediment is removed and the door is opened to testimony by the claimant as to a particular transaction with the decedent where, on direct examination, counsel for the fiduciary queries the claimant about that transaction (Fisch, New York Evidence § 300 [2d ed], citing Matter of Berardini, 238 App Div 433, affd 263 NY 627; Cole v Sweet, 187 NY 488; Nay v Curley, 113 NY 575). Here, counsel for the petitioner called the respondent as a witness for the petitioner to establish that respondent had received the cash at issue. In an apparent attempt to avoid "opening the door”, counsel, on direct examination, carefully posed his questions to respondent in such a manner that a responsive answer merely called for an affirmative or a negative response as to whether she ever had possession or retained any of the money. A precise answer to the questions posed precluded respondent from giving any details as to decedent’s involvement with these transactions. Nevertheless, on cross-examination, respondent’s counsel argued that the door had been opened. The court ruled that the door had been opened to the extent that the questions posed on direct examination had created the equivalent of a dangling participle, thereby permitting respondent to give complete testimony as to the single transaction which the question on direct examination had raised (see, Matter of Wood, 52 NY2d 139). However, the door was not opened with regard to other transactions between the witness and decedent relative to the money at issue.
The above evidentiary rulings resulted in a record which leaves many questions unanswered. The state of the record in this matter indicates that the time is long overdue for the burial of the Dead Man’s Statute, if not in all cases, at least in those cases in which the estate is seeking affirmative relief against the respondent.
Inasmuch as death has sealed the lips of a decedent, there might be some justification in also sealing the lips of a person who seeks recovery against an estate based upon an alleged personal transaction with the decedent where it is doubtful that such a transaction ever occurred. However, where there is no question that there was a transaction between the decedent and a person against whom the fiduciary seeks to *957 impose liability, the unfortunate death of the decedent is a poor reason to render the other person to the transaction mute with the concomitant result that this person might incur liability without ever having had a meaningful day in court.
Proposed legislation would repeal CPLR 4519 while permitting the trier of the facts to give no weight to the unsubstantiated testimony of a person interested in the event. This legislation would relieve the court and the parties of the burden of worrying about whether a door is closed or partially or fully opened and the parties would be able to concentrate on eliciting testimony which presents a complete picture. At the same time, estates would still be protected from incurring liability based upon frivolous or fraudulent claims which are not supported by more than mere utterances from the claimant.