OPINION OF THE COURT
Bellacosa, J.
This case involves the evidentiary prohibition now found in CPLR 4519, commonly referred to as the "Dead Man’s Statute.” The issue is whether conversations, between a decedent and parties contesting rights to decedent’s retirement benefits, fall within an exception to this testimonial bar that relates solely to life insurance proceeds (see, Ward v New York Life Ins. Co., 225 NY 314).
The dispute concerns lump-sum benefits, payable on decedent Drew Poslock’s death, under a retirement-pension plan that included a life insurance component. The Appellate Division held that the decedent school teacher’s retirement benefits were different from the proceeds of typical life insurance policies and that, therefore, testimony from survivors about the conversations and transactions between the interested plaintiffs-parties and decedent Poslock were foreclosed by CPLR 4519. We agree and affirm the Appellate Division’s order.
Drew Poslock, a teacher for 20 years in the New York City public school system, died of cancer at the end of May 1990, at the age of 45. Under Poslock’s membership in the New York City Teachers’ Retirement System, his designated beneficiary was entitled to receive a lump-sum payment of his accumulated retirement benefits. Records of the Teachers’ Retirement *149 System reveal that Poslock filed two beneficiary designations. In 1977, he named his former companion, plaintiff Edward Dunne, and in early May 1990, he substituted defendant Sandie Nowak. At the time of his death, Poslock and Nowak co-owned a cooperative apartment in which they resided.
The action seeking recovery of the retirement proceeds centers on an alleged third beneficiary designation claimed to have been executed and filed in late May 1990 at or about the time of Poslock’s death. It purportedly divides shares of the gross retirement proceeds among several friends and family members (all plaintiffs here), as well as defendant Nowak and her son, defendant Alexander Nowak.
The question of law presented on this appeal is the admissibility of testimony from Dunne and decedent’s brother and mother, Chris Poslock and Beryl Pakosh, who are also plaintiffs, concerning the third beneficiary designation. The trial court allowed the testimony based on the life-insurance-proceeds exception recognized in Ward v New York Life Ins. Co. (225 NY 314, supra). The witnesses, over a defense objection under CPLR 4519, related transactions and conversations with the decedent shortly before his death. The trial court ruled that "the cases basically state the retirement system is similar to an insurance program, and that you take benefits upon the death.”
By the testimony of the three plaintiffs-witnesses, the plaintiffs persuaded the jury that Drew Poslock did in fact execute and file a third beneficiary form. Essentially, Dunne testified that his former companion told him shortly before his death that he wished to leave his share of the cooperative apartment to Nowak and to divide his retirement benefits among his family and friends, including Nowak. To that end, Dunne testified that he obtained a Designation of Beneficiary form and filled it out according to Poslock’s request. He then called a notary public. The notary testified at trial that he witnessed Poslock’s signing of three copies of the form. Dunne added that he mailed the completed form to the Teachers’ Retirement System "return receipt requested.” Though a post office receipt was introduced at the trial, the Teachers’ Retirement System reflects no record of this crucial document. As to the other two copies, Dunne testified that he lost his copy and that he gave one to defendant Nowak, which she denied in her own testimony.
In addition to drafting and having Poslock fill out the beneficiary form, Dunne testified that he also drafted a new will for *150 him. That will, which left the shares of the apartment to Nowak, was admitted to probate and is not involved in this controversy. The total retirement benefits at issue amounted to $214,637.93, including approximately $50,000 of term life insurance. Decedent contributed $11,904.05 to the system during his lifetime.
The two other witnesses at issue, Chris Poslock and Pakosh, corroborated the essential features of Dunne’s testimony. Poslock testified that about a week and a half before his brother’s death, the two men spoke on the telephone and decedent expressed his desire to divide his pension benefits among numerous friends and family, including all the plaintiffs and Nowak and her son. Pakosh testified that shortly before her son’s death, he said to her, in substance, "I have a retirement fund that has quite a bit of money in there and everybody is going to get a share, all the family.”
The jury returned a special verdict for the plaintiffs, giving effect to the third beneficiary designation. Supreme Court rendered judgment in accordance with the special verdict, directing the Teachers’ Retirement System to distribute the benefits in accordance with the document as described by Dunne.
The Appellate Division unanimously modified and directed that Nowak receive the retirement proceeds, except for the $50,000 in term life insurance. The Court held that the Ward exception to CPLR 4519 was not operative and distinguished it on the ground that the statute’s testimonial prohibition applied to pension and retirement benefits, because they belonged to Poslock during his lifetime. The Court thus ruled the testimony inadmissible as to the retirement benefits, but allowed it with respect to the life insurance portion of the total proceeds. This Court granted the plaintiffs leave to appeal and we now affirm.
CPLR 4519 disqualifies parties interested in litigation from testifying about personal transactions or communications with deceased or mentally ill persons (Prince, Richardson on Evidence § 6-121, at 325 [Farrell 11th ed 1995]). CPLR 4519 provides in relevant part:
"Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment *151 or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor, administrator or survivor of a deceased person or the committee of a mentally ill person, or a person deriving his title or interest from, through or under a deceased person or mentally ill person, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or mentally ill person.”
The purpose of the rule is "to protect the estate of the deceased from claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court” (Matter of Wood, 52 NY2d 139, 144).
The three interested plaintiffs-witnesses here, Dunne, Chris Poslock and Pakosh, concede that they are interested parties whose testimony falls initially within CPLR 4519. They argue, as they did successfully at Supreme Court, however, that the exception of Ward v New York Life Ins. Co. (225 NY 314, supra) should allow their testimony to stand and operate as to the entire retirement proceeds. Ward trumps the statute as to testimony from interested parties only with respect to "property from a third person which never belonged to the deceased and which in fact did not come into existence until his death” (id., at 319-320). Plaintiffs claim that pension and retirement benefits should also be swept into this life-insurance-proceeds exception and its rationale.
In Ward, this Court narrowly bypassed the predecessor statutory prohibition (see, former Code Civ Pro § 829). The linchpin of the Court’s holding was the language in former Code of Civil Procedure § 829 (now CPLR 4519), that the statute only applied when the persons against whom the testimony was being offered "derived their 'title or interest from, through or under a deceased person’ ” (Ward v New York Life Ins. Co., supra, at 319, quoting former Code Civ Pro § 829). To solve the dilemma there, the Court examined the nature of those life insurance proceeds. It determined that they did not come "from, through or under” the deceased person, because "[t]he great body of authority makes it plain * * * that when section 829 speaks of deriving title or interest from, through or under a deceased person it contemplates property or an interest which belonged to the deceased in his lifetime and the title to which has passed by assignment or otherwise through him to the party who is protected by the section” (id., at 319-320 [emphasis added]). *152 The proceeds of a life insurance policy, the Court declared, "never belonged to the deceased and * * * did not come into existence until his death” (id., at 320).
Ward itself, decided in 1919, has stood the test of time, common-law developments and legislative change. It remains, however, a narrow exception to a general statutory principle. The question to be resolved by this appeal, then, is to what extent the rationale of Ward may be extended to pension or retirement proceeds. Stated even more pointedly, we are asked whether such benefits, when paid as a lump-sum benefit upon an owner’s death, nevertheless "belonged to the deceased in his lifetime” (id., at 319).
We agree with the Appellate Division and the argument of the defendants here that Ward was "decided on the peculiar facts there presented” (Duncan v Clarke, 308 NY 282, 285; see also, Baumel v Travelers Ins. Co., 179 F Supp 88, 90 [ED NY] ["It would seem the Ward ruling is limited to the state of facts therein”]). It should not be extended to cases such as this one, involving pension and retirement rights and proceeds.
As correctly analyzed by the Appellate Division, Poslock’s assets in his vested retirement plan belonged to him during his lifetime and were sufficiently manageable by him in ways that are significantly distinct from the life insurance assets in Ward. Nor did they merely come into existence on his death. During his lifetime, Poslock had the option to direct where his contributions would be invested, not just to whom they would be paid on his death (Administrative Code of City of NY § 13-568). He was eligible at any time to borrow at a favorable rate of interest up to 75% of the combined sum of the funds invested in a variable annuity savings fund and the amount of his accumulated deductions (Administrative Code § 13-540). Had he terminated or resigned his membership in the retirement system, he would have been "paid forthwith the full amount of [his] accumulated deductions” (Administrative Code § 13-541).
Moreover, if Poslock had not designated any beneficiary, the final payout upon his death would have gone directly to his estate (Administrative Code § 13-542). That feature, undeniably, is part of the CPLR 4519 protection against postdeath fabrications (see, Richardson, op. cit, § 6-121, at 325 ["The purpose of the 'dead man’s’ statute is to protect estates from perjurious claims” (emphasis added)]). The indicia of decedent’s lifetime interest and control over pension and retirement rights and assets legally distinguish such assets from those *153 Ward takes out of the statutory prohibition (see, Robillard v Booth, 271 App Div 878 [Ward exception does not apply to conversations relating to teacher retirement benefits]). We are satisfied that the Appellate Division correctly applied CPLR 4519’s protection and properly and discretely allocated the practical impact on the assets.
Appellants further argue that, even without the testimony of Dunne, Pakosh and Chris Poslock, the evidence was otherwise sufficient to support the jury’s determination in plaintiffs’ favor. This argument lacks merit, however, because their testimony constituted the only evidence of the content of the third beneficiary designation that the notary said he saw the decedent sign and that Dunne allegedly sent to the Retirement System. Without that key testimony, the jury would have been left to speculate about what the Retirement System had in fact received. Since all three copies of the third beneficiary designation allegedly executed by Poslock "disappeared” in various and curious ways, there is no way to ascertain, without resort to the witness testimony, the content of what the decedent allegedly signed. CPLR 4519 and its predecessor were designed to ward off the dangers and adverse consequences of this very kind of unverifiable development.
We have considered appellants’ remaining arguments and conclude they are also without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Smith and Levine concur; Judge Ciparick taking no part.
Order affirmed, with costs.