■ William Barnes, Respondent, v Gregory K. Todd et al., Appellants. [728 NYS2d 450] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered May 12, 2000, granting plaintiff's motion to set aside a jury verdict in favor of defendants as against the weight of the evidence and ordering a new trial, unanimously reversed, on the law, without costs, plaintiff's motion denied and the jury's verdict reinstated.

We do not agree with the trial court that the verdict in defendants' favor was against the weight of the evidence, since the paucity of plaintiff's proof with respect to the crucial issues permitted the jury fairly to conclude that plaintiff had not met his burden of proof (*see, Niewieroski v National Cleaning Contrs.*, 126 AD2d 424, *lv denied* 70 NY2d 602; *Marton v McCasland*, 16 AD2d 781, 782).

While the foregoing renders another contention of plaintiff academic and the trial court did not reach the issue, we also reject that part of plaintiff's post-verdict motion which was

based upon his claim that the trial court erroneously applied CPLR 4519 to preclude plaintiff's testimony as to his communications and transactions with Dr. Dennis Passer, his former physician, who died before the commencement of this action and whose estate is the defendant in this medical malpractice action. Despite plaintiff's agreement to limit his recovery to the proceeds of Dr. Passer's medical malpractice policy, he, nevertheless, is asserting a claim "from, through or under" defendant estate's decedent, and, accordingly, CPLR 4519 was properly employed to limit plaintiff's testimony. The narrow exception to CPLR 4519 set forth in *Ward v New York Life Ins. Co.* (225 NY 314, 318-319), which was "decided on the peculiar facts there presented," is clearly inapplicable here (*see, Poslock v Teachers' Retirement Bd.*, 88 NY2d 146, 152 [citations omitted]). Contrary to plaintiff's assertion, his claim is not against the decedent's liability insurer, but against the executor of the decedent's estate. To adopt plaintiff's rationale would be to eviscerate the statute in any case where a deceased alleged tortfeasor was insured.

Since his medical records were never in defendant executor's possession or control, plaintiff has also failed to demonstrate his entitlement to a missing document charge due to defendant's failure to produce such files (*see, Cidieufort v New York City Health & Hosps. Corp.*, 250 AD2d 720, 721).

We have examined the plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.