■ JAMES C. HERRMANN, Appellant, v THE SKLOVER GROUP, INC., et al., Respondents. [768 NYS2d 600]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered November 22, 2002, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, with costs.

Since the decedent, Richard Sklover, was not merely an officer of The Sklover Group but also owned 1,000 of the corporation's 1,100 shares (currently held by his estate), the corporate defendant may invoke the Dead Man's Statute (CPLR 4519; *see Mark Patterson, Inc. v Bowie*, 172 Misc 2d 1000, 1003-1004 [1997]). Defendants did not waive that statute by consenting to the joint introduction of portions of Richard's deposition testimony at trial because the portions that were admitted had nothing to do with the topic on which plaintiff wished to testify (*cf. Ward v Kovacs*, 55 AD2d 391 [1977]). The exception applies only when the deposition testimony concerns "the same transaction or communication" about which the survivor wants to testify (CPLR 4519).

Plaintiff argues that he should have been allowed to testify about those conversations held with Richard where Richard's son, Andrew, was also present, because Andrew had the same interests as his father and *was* available to testify at trial. However, New York does not recognize an exception for surviving partners and joint contractors (*cf. e.g.* 735 Ill Comp Stat 5/8-301), and we decline to create such an exception where the Legislature has failed to act (*see generally Matter of Wood*, 52 NY2d 139, 144 [1981]).

Defendants did not open the door to plaintiff's testimony about conversations with Richard by introducing plaintiff's affidavit because they did not try to use the Dead Man's Statute "as a sword rather than a shield" with respect to that affidavit (*Wood*, 52 NY2d at 145). Although defendants did open the door

through their cross-examination of plaintiff (*see Wood, supra*; *Matter of Dunbar*, 139 Misc 2d 955, 956 [1988]), the trial court's error in ruling to the contrary was harmless (*see e.g. Matter of LoGuidice*, 186 AD2d 659, 660 [1992]). If a new trial were held, plaintiff, in all likelihood, still would not be permitted to testify about his conversations with Richard because of defendants' caution in not opening the door the second time around. Were the evidence at a new trial the same as initially presented, with the sole exception of the cross-examination passages that opened the door, a fair interpretation of that evidence would still warrant dismissal of plaintiff's action (*see Ventricelli v DeGennaro*, 221 AD2d 231, 232 [1995], *lv denied* 87 NY2d 808 [1996]).

The trial court's dismissal of the action was based largely on its assessment of the credibility of various witnesses, to which we give deference (*see e.g. Hoover v Durkee*, 212 AD2d 839, 841 [1995]). In fairly interpreting the evidence, the finder of fact was justified in crediting the testimony of Andrew over that of plaintiff or insurance broker Thomas (*Ventricelli v DeGennaro, supra*). Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.