■ MARJORIE RICKARD, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and AMERICAN AIRLINES, INC., Respondent. [773 NYS2d 393]—

Judgment, Supreme Court, New York County (Debra James, J.), entered December 13, 2002, upon a jury verdict, in favor of defendant American Airlines, Inc., unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 1, 2002, which denied plaintiff's motion pursuant to CPLR 4404 to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Although defendant improperly determined that the notes of its claims analyst did not constitute an accident report, defendant's failure to exchange the notes was not attributable to bad faith (*cf. Sage v Proskauer Rose*, 275 AD2d 11, 17-18 [2000]), and did not require preclusion of the claims analyst's highly relevant testimony, particularly since plaintiff failed to advise defendant that the accident was first reported to this witness, a circumstance of which defendant was unaware until the eve of trial. Moreover, plaintiff's claim of error respecting this witness's testimony was unpreserved by timely objection and any objection to the introduction of the witness's notes was waived by the determination of plaintiff's counsel to use them in cross-examination.

The court properly determined that submission of the case to the jury on the theory of res ipsa loquitur would not be appropriate since plaintiff failed to demonstrate that her fall would not have occurred in the absence of negligence and that it was not due to any voluntary action or contribution on her part (cf. *Bonura v KWK Assoc.*, 2 AD3d 307 [2003]).

The court properly exercised its discretion in denying plaintiff's request for a missing witness charge regarding one of defendant's employees, who could not be identified. Defendant produced another employee who had witnessed plaintiff's fall, and plaintiff failed to demonstrate that defendant was on notice that she intended to commence litigation, sufficient to require preservation of its duty roster (*see Amaris v Sharp Elecs. Corp.*, 304 AD2d 457 [2003], *lv denied* 1 NY3d 507 [2004]). Concur—Tom, J.P., Andrias, Saxe and Sullivan, JJ.