■ FIVE CORNERS CAR WASH, INC., Respondent, v MINROD REALTY CORPORATION, Appellant. [20 NYS3d 578]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to repair or replace the roof of the subject property, the defendant appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated October 28, 2013, which

granted the plaintiff's motion for summary judgment on the complaint and denied its cross motion, in effect, for summary judgment declaring that it is not obligated to repair or replace the roof of the subject property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

In 1996, the plaintiff tenant entered into a 35-year lease with the defendant landlord for a substantial portion of the defendant's building for the purpose of operating a car wash, automobile detailing shop, and accessory showroom. The building had one other tenant.

In 2012, the plaintiff commenced this action, inter alia, for a judgment declaring that the defendant is obligated to repair or replace the roof of the building. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved, in effect, for summary judgment declaring that it is not obligated to repair or replace the roof. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.

The plaintiff and the defendant each failed to establish their prima facie entitlement to judgment as a matter of law. "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (*Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]; *see New Plan of Hillside Vil., LLC v Surrette*, 108 AD3d 512, 513 [2013]; *Vale v 221 Thompson, LLC*, 82 AD3d 754 [2011]). In support of their respective contentions, both parties relied upon the subject lease. The provisions of the lease relating to repairs are inconsistent, and do not establish which party is responsible for repairing or replacing the roof. The lease provides that the tenant "shall, at the Tenant's own cost and expense make all repairs." However, the lease also provides that the "[l]andlord need only repair the damaged structural parts of the [p]remises." The lease does not define the "structural parts" of the premises.

The plaintiff also failed to establish, prima facie, that the lease was drafted by the defendant. The only evidence offered by the plaintiff in support of this contention was the deposition testimony of one of its principals, who testified that the defendant's principal drafted the subject lease. However, the defendant's principal had died prior to the commencement of this action and, pursuant to the Dead Man's Statute (*see* CPLR 4519),

it would be improper for the Supreme Court to rely upon personal communications between the plaintiff's principal and the defendant's deceased principal in considering the plaintiff's motion (*see Phillips v Kantor & Co.*, 31 NY2d 307, 314 [1972]; *Moffett v Gerardi*, 75 AD3d 496, 498 [2010]; *Herrmann v Sklover Group*, 2 AD3d 307 [2003]). Since the plaintiff failed to establish that the lease was drafted by the defendant, we need not construe ambiguity in the lease language against the defendant (*see generally Matter of Cowen & Co. v Anderson*, 76 NY2d 318, 323 [1990]).

Although it appears that the defendant replaced the roof around the time of the commencement of the term of the lease, the defendant's reason for doing so was not revealed. Since the defendant's principal from that period had died prior to the commencement of this action, the Dead Man's Statute precluded consideration of alleged personal communications between the plaintiff's principals and the defendant's deceased principal regarding the previous replacement of the roof (*see* CPLR 4519; *Phillips v Kantor & Co.*, 31 NY2d at 314; *Moffett v Gerardi*, 75 AD3d at 498; *Herrmann v Sklover Group*, 2 AD3d 307 [2003]). Moreover, it is undisputed that during the term of the lease, both the plaintiff and the defendant performed repairs to the roof. Accordingly, the parties' intent was not established as a matter of law by this extrinsic evidence (*see e.g. Dobbs v North Shore Hematology-Oncology Assoc., P.C.*, 106 AD3d 771, 772 [2013]).

In view of the foregoing, neither party was entitled to summary judgment. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.