■ JUNIOR NUNEZ et al., Plaintiffs, v LMJ VISION, INC., Doing Business as VISIONARY OPTICS and Others, et al., Respondents, and INTER-NEXT NYC, INC., Appellant/Third-Party Defendant-Appellant. LMJ VISION, INC., Doing Business as VISIONARY OPTICS and Others, Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [49 NYS3d 129]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 23, 2015, which, to the extent appealed from, granted defendants LMJ Vision, Inc. and the West 17th Street Company's motion for summary judgment on their claims for common-law indemnification against defendant Inter-Next NYC, Inc., and denied Inter-Next's cross motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to deny LMJ Vision, Inc. and West 17th's motion, and otherwise affirmed, without costs.

Plaintiff Junior Nunez asserts claims for negligence and violations of Labor Law §§ 200, 240 and 241 (6), alleging that he fell through an unprotected stairwell opening in the floor, in the course of installing display shelving during a store renovation project. LMJ Vision, Inc. and West 17th, the owner and lessee of the premises, respectively (together, the LMJ defendants), were found liable for plaintiff's injuries under Labor Law § 240 (1), and seek indemnification therefor from defendant Inter-Next NYC, Inc., one of two contractors hired by LMJ for the project. The other contractor, plaintiff's employer, Gilbert Displays, was retained to install display shelving and lighting.

In support of their motion, the LMJ defendants submitted evidence that West 17th was not negligent and that LMJ did not supervise or control the means and methods of its contractors' work (*see Correia v Professional Data Mgt.*, 259 AD2d 60,

65 [1st Dept 1999]). LMJ's principal said in an affidavit that Inter-Next had been retained to remove the pull-up door over the stairwell, and testified that the stairwell opening was always covered by a board or plank, or the pull-up door, when he visited the premises before the accident. In opposition, Inter-Next pointed out that there was no direct evidence that it had removed the door or plank, that its written contract did not require removal of the door, and that another contractor could have caused the stairwell opening to be uncovered. Inter-Next submitted no witness testimony to support its position, because its sole principal had died.

To the extent the affidavit by LMJ's principal was offered against Inter-Next to show that Inter-Next had agreed to remove the pull-up door, it is barred from consideration by the Dead Man's Statute, because the statement that Inter-Next agreed to remove the pull-up door depends on a transaction or communication with Inter-Next's deceased principal (CPLR 4519; *Poslock v Teachers' Retirement Bd. of Teachers' Retirement Sys.*, 88 NY2d 146, 150 [1996]; *see e.g. Herrmann v Sklover Group*, 2 AD3d 307 [1st Dept 2003]; *Five Corners Car Wash, Inc. v Minrod Realty Corp.*, 134 AD3d 671, 673 [2d Dept 2015]). The remaining evidence, while circumstantial, would support a finding that Inter-Next removed the pull-up door, but it is insufficient to eliminate any issues of fact as to Inter-Next's negligence with respect to the unguarded opening in the floor (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Given the evidence that the stairwell opening was covered by a board or plank and that Gilbert employees went down to the basement while working, a factfinder could conclude that the unguarded condition of the stairwell was not the result of negligence on the part of Inter-Next.

The existence of issues of fact as to Inter-Next's negligence also precludes summary dismissal of the cross claim and third-party claims against it. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ. ■