Sabre Real Estate Group, LLC v JQ1 Assoc., LLC (2022 NY Slip Op 02825)

Sabre Real Estate Group, LLC v JQ1 Assoc., LLC

2022 NY Slip Op 02825

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2020-01253
2022-00174
 (Index No. 608880/18)

[*1]Sabre Real Estate Group, LLC, appellant,
v
JQ1 Associates, LLC, respondent. 

The Law Firm of Gary N. Weintraub, LLP, Huntington, NY, for appellant.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Neil Torczyner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 10, 2019, and (2) an order of the same court entered January 22, 2020. The order entered July 10, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The order entered January 22, 2020, insofar as appealed from, upon reargument, adhered to so much of the prior determination in the order entered July 10, 2019, as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the appeal from so much of the order entered July 10, 2019, as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability is dismissed, as that portion of the order was superseded by the order entered January 22, 2020, made upon reargument; and it is further,
ORDERED that the order entered January 22, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In July 2018, the plaintiff commenced this action to recover damages that it alleged it sustained as a result of the defendant's breach of a commission agreement the plaintiff had entered into with the defendant with respect to leasing out office space in a building owned by the defendant (hereinafter the parties' agreement). The parties do not dispute that central to the issue of whether the plaintiff is owed a commission by the defendant is whether new office space leased by an existing tenant in the defendant's building is "contiguous," within the meaning of the parties' agreement, to existing office space occupied by that tenant.
As is relevant to this appeal, the plaintiff moved, inter alia, for summary judgment on the issue of liability. By order entered July 10, 2019, the Supreme Court, among other things, [*2]denied that branch of the plaintiff's motion. Thereafter, the plaintiff moved for leave to reargue its prior motion. By order entered January 22, 2020 (hereinafter the January 2020 order), the court, upon reargument, adhered to so much of its prior determination as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760; see Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d 671, 672). Here, the plaintiff failed to eliminate triable issues of fact as to a material term within the parties' agreement which provided that the defendant would pay a commission to the plaintiff if the nonparty tenant leased additional office space in the defendant's building "contiguous" to that tenant's existing office space in the defendant's building. The documents submitted by the plaintiff which form the basis of the parties' agreement fail to define the term "contiguous" therein. Under the circumstances, that term in the relevant documents has "more than one reasonable interpretation" (Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 716 [internal quotation marks omitted]; see also Evans v Famous Music Corp., 1 NY3d 452, 458). Moreover, the plaintiff did not establish the parties' intent as it relates to those multiple interpretations as a matter of law based on either the four corners of the parties' agreement or any extrinsic evidence submitted (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 717; Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d at 673).
Accordingly, we affirm the January 2020 order insofar as appealed from.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court