Hong v Renval Constr., LLC (2023 NY Slip Op 04196)

Hong v Renval Constr., LLC

2023 NY Slip Op 04196

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2021-06581
 (Index No. 603634/19)

[*1]Jack Hong, appellant, 
v
Renval Construction, LLC, et al., defendants, Steven Cestaro, respondent.

Roseman, Beerman & Beerman, LLP (Sweetbaum & Sweetbaum, Lake Success, NY [Jackie L. Gross and Joel A. Sweetbaum], of counsel), for appellant.

DECISION & ORDER
In a stakeholder's interpleader action, in effect, pursuant to CPLR 1006, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated August 11, 2021. The order denied the plaintiff's motion for summary judgment dismissing the counterclaim of the defendant Steven Cestaro to recover on a promissory note.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff and the defendant Renval Construction, LLC (hereinafter Renval) entered into a joint venture agreement for the purchase, renovation, and sale of certain real property. Prior to completion of the project, Renval and its principal, the defendant Renato Busljeta, obtained a loan of $200,000 from the defendant Steven Cestaro and executed a promissory note. The note was secured by an "Assignment of Contract Proceeds" (hereinafter the Assignment), which was signed by the plaintiff, among others. The Assignment provided, inter alia, that the sums due pursuant to the note would be "immediately paid from the proceeds of [the] sale [of the subject property]."
Following a dispute regarding the sale price of the property, the plaintiff and Renval entered into arbitration, resulting in an award in favor of Renval in the amount of $85,876.84, which represented Renval's share of the proceeds of the sale of the subject property. The plaintiff then commenced this stakeholder's interpleader action, in effect, pursuant to CPLR 1006, alleging that he was subject to conflicting claims for the funds of the arbitration award. Cestaro counterclaimed for payment of the outstanding sums due under the note. The plaintiff moved for summary judgment dismissing Cestaro's counterclaim. In an order dated August 11, 2021, the Supreme Court denied the motion, finding the terms of the Assignment ambiguous as to whether the plaintiff may be liable to Cestaro for payment of the sums due under the note. The plaintiff appeals.
"When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760; see Sabre Real Estate Group, LLC v JQ1 Assoc., LLC, 204 AD3d 1051, 1052; Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d 671, 672). "A contract is ambiguous if the terms are susceptible to more than one reasonable interpretation" (Archstone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1062, 1064; see Evans v Famous Music Corp., 1 NY3d 452, 458). Contrary to the plaintiff's contention, an ambiguity exists as to whether [*2]the Assignment provided that the plaintiff may be liable for the sums due on the note to the extent of the proceeds from the sale of the property. Moreover, the plaintiff did not establish as a matter of law the parties' intent as it relates to the competing interpretations of the Assignment based on either the four corners of the parties' agreement or any extrinsic evidence submitted (see Sabre Real Estate Group, LLC v JQ1 Assoc., LLC, 204 AD3d at 1053; New Plan of Hillside Vil., LLC v Surrette, 108 AD3d 512, 513; Dobbs v North Shore Hematology-Oncology Assoc., P.C., 106 AD3d 771, 772).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment dismissing Cestaro's counterclaim.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court