Castellotti v Free (2024 NY Slip Op 00045)

Castellotti v Free

2024 NY Slip Op 00045

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 158162/12 Appeal No. 1379 Case No. 2023-03279 

[*1]Peter Castellotti, Plaintiff-Respondent,
v
Lisa Free, Defendant-Appellant, John R. Blasi, et al., Defendants.

Reed Smith LLP, New York (Steven Cooper of counsel), for appellant.
J. Kaplan & Associates, PLLC, New York (Jeffrey A. Kaplan of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered May 19, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion in limineto exclude evidence regarding communications with decedent Madeline Castellotti or her intentions with respect to her estate plan and any arrangements that varied or contradicted her will, unanimously modified, on the law, to grant defendant's motion to bar testimony by plaintiff concerning conversations with decedent regarding her will and estate plan, and otherwise affirmed, without costs.
Plaintiff's testimony concerning conversations with decedent regarding her intention that he receive half of her estate after his divorce was final is barred by CPLR 4519, since such testimony would be offered against defendant, decedent's survivor, who derived her interest in decedent's assets from decedent (see Grechko v Maimonides Med. Ctr., 188 AD3d 832, 835 [2d Dept 2020]; Nunez v LMJ Vision, Inc., 148 AD3d 496, 497 [1st Dept 2017]).
However, CPLR 4519 does not bar the testimony of third-party witnesses concerning conversations with decedent about her will, estate plan, or the alleged oral agreement between plaintiff and defendant to transfer to plaintiff half of decedent's assets after his divorce, since the third parties do not have an interest in decedent's estate. Moreover, the court properly concluded that testimony by plaintiff concerning the alleged oral agreement was proper since those conversations do not constitute extrinsic evidence in derogation of the will and do not call into question whether or not the will reflected decedent's intentions. Although extrinsic evidence may not be used to challenge a clear and unambiguous will (see Matter of Cord, 58 NY2d 539, 544 [1983]), here, the issue is whether or not the parties had an oral agreement that required defendant to transfer certain property or assets to plaintiff after distribution of the estate.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024