Sheinman-Hardes v Main 15 Lee Ltd. Partnership (2025 NY Slip Op 00691)

Sheinman-Hardes v Main 15 Lee Ltd. Partnership

2025 NY Slip Op 00691

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-02076
 (Index No. 714194/18)

[*1]Andrea Sheinman-Hardes, plaintiff, 
v
Main 15 Lee Limited Partnership, defendant third-party plaintiff-appellant; New Cingular Wireless PCS, LLC, third-party defendant-respondent, et al., third-party defendant.

Litchfield Cavo, LLP, New York, NY (Sean H. Chung of counsel), for defendant third-party plaintiff-appellant.
The Chartwell Law Offices, New York, NY (Jarett L. Warner of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and a related third-party action, inter alia, for contractual indemnification, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered February 15, 2023. The order, insofar as appealed from, denied the cross-motion of the defendant third-party plaintiff for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against the third-party defendant New Cingular Wireless PCS, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a hole in a sidewalk abutting property owned by the defendant third-party plaintiff, Main 15 Lee Limited Partnership (hereinafter Main 15). Main 15 commenced a third-party action against the third-party defendant New Cingular Wireless PCS, LLC (hereinafter New Cingular), the lessee of the ground floor of the property, and another third-party defendant, inter alia, for contractual indemnification pursuant to the terms of Main 15's lease agreement with New Cingular. Main 15 cross-moved for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against New Cingular. In an order entered February 15, 2023, the Supreme Court, among other things, denied Main 15's cross-motion. Main 15 appeals.
"The right to contractual indemnification depends upon the specific language of the contract" (George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Alayev v Juster Assocs., LLC, 122 AD3d 886, 887). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Roldan v New York Univ., 81 AD3d 625, 628; see Bleich v Metropolitan Mgmt., LLC, 132 AD3d 933, 934).
Here, Main 15 failed to establish its prima facie entitlement to judgment as a matter [*2]of law on the third-party cause of action for contractual indemnification insofar as asserted against New Cingular. The lease between Main 15 and New Cingular required New Cingular to indemnify Main 15, inter alia, against any and all claims arising out of "the performance, use, occupancy, repair, maintenance or control of the Demised Premises or the sidewalks adjacent thereto" or "any loss, damage, injury to person or property of any nature or loss of life sustained in or about the Demised Premises or the sidewalks adjacent thereto. Except to the extent arising from the negligence or willful misconduct of [Main 15], its agents, contractors or employees." To the extent the plaintiff alleges that she tripped and fell due to a defect in the sidewalk that is structural in nature, the provisions of the lease relating to which party is responsible for making structural repairs to the sidewalk are inconsistent (see Pacheco v Kushner Cos., 88 AD3d 550, 551; see also Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d 671, 672; cf. Alayev v Juster Assocs., LLC, 122 AD3d at 888). Although the lease provides, among other things, that New Cingular is required to "make all repairs and replacements to the sidewalks," a separate provision of the lease provides that New Cingular is only obligated to make all "non-structural repairs" to the adjacent sidewalks. Where, as here, "the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760; see Five Corners Car Wash, Inc. v Minrod Realty Corp., 134 AD3d at 672).
Since Main 15 failed to establish its prima facie entitlement to judgment as a matter of law, its cross-motion for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted against New Cingular was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court