Glopak USA Corp. v Translink Shipping, Inc. (2025 NY Slip Op 03556)

Glopak USA Corp. v Translink Shipping, Inc.

2025 NY Slip Op 03556

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-12513
 (Index No. 600605/20)

[*1]Glopak USA Corp., appellant, 
v
Translink Shipping, Inc., respondent.

Markotsis & Lieberman, P.C., Hicksville, NY (Douglas M. Lieberman of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Michael E. Stern of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered September 19, 2023. The order, insofar as appealed from, (1) upon reargument, vacated the determination in an order of the same court dated March 21, 2023, denying that branch of the defendant's prior motion which was for summary judgment dismissing the complaint, and thereupon granted that branch of the prior motion, and (2) denied, as academic, the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff and the defendant entered into a credit agreement wherein the defendant would extend the plaintiff a line of credit for the continuous shipment of goods from China to North America. In January 2020, upon the plaintiff's failure to timely pay its invoices within 60 days, the defendant revoked the plaintiff's credit and withheld the plaintiff's shipments, which were in its possession, until the plaintiff repaid in full its past-due balance. Thereafter, the plaintiff commenced this action to recover damages for conversion and for specific performance, directing the defendant to accept payment for, and to release, certain shipments.
The defendant moved, inter alia, for summary judgment dismissing the complaint. In an order dated March 21, 2023, the Supreme Court denied the defendant's motion. Subsequently, the defendant moved for leave to reargue its prior motion, contending, among other things, that the court misapprehended the law and the facts by determining that the plaintiff had raised a triable issue of fact in opposition by submitting evidence that the defendant had waived its right to revoke the plaintiff's credit and demand payment in full. The plaintiff cross-moved for leave to amend the complaint to add a cause of action to recover damages for breach of contract. In an order entered September 19, 2023, the court (1) upon reargument, vacated the determination in the order dated March 21, 2023, denying that branch of the defendant's prior motion which was for summary judgment dismissing the complaint, and thereupon granted that branch of the prior motion, and (2) denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
"'Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned'" (Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 971, quoting Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104). "Accordingly, a 'waiver requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable'" (id., quoting Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184). "Such abandonment 'may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage'" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d at 104, quoting General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236). "Generally, the existence of an intent to forgo such a right is a question of fact" (id.). "However, waiver 'should not be lightly presumed' and must be based on 'a clear manifestation of intent' to relinquish a contractual protection" (Van Der Velde v New York Prop Underwriting Assn., 205 AD3d at 972, quoting Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968).
Here, upon reargument, the Supreme Court properly granted that branch of the defendant's prior motion which was for summary judgment dismissing the complaint, upon concluding that the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing of its entitlement to judgment as a matter of law. By the terms of the parties' credit agreement, the defendant reserved the right to revoke the credit "at any time" upon a breach by the plaintiff. Contrary to the plaintiff's contention, the defendant's decision not to enforce that right until January 2020 did not constitute a clear manifestation of intent to relinquish a contractual right (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968; Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 972). Nor did the plaintiff's evidence establish that the defendant waived its right to withhold shipments in the event of nonpayment (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d at 968; Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 972). There is no merit to the plaintiff's contention that the contractual language allowing the defendant the right to withhold shipments in the event of the plaintiff's nonpayment was ambiguous (see Archstone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1062, 1064; cf. Hong v Renval Constr., LLC, 219 AD3d 593, 594).
The parties' remaining contentions are either academic in light of our determination, without merit, or not properly before this Court.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court