■ In the Matter of the Estate of CLOTILDA HOWARD, Deceased. HARRY M. NIEMAN, Appellant; ALONZO E. HOWARD, Respondent.—Decree entered in the Surrogate's Court, Bronx County, on May 29, 1975 awarding judgment against the plaintiff and in favor of the defendant as executor of the estate of Clotilda Howard, deceased, on his counterclaim in a transferred Civil Court action, in the sum of $2,700 plus interest, modified, on the law and the facts, so as to reduce same to the sum of $2,000 plus interest from the date of any payments exceeding said sum of $2,000 and otherwise affirmed,

without costs or disbursements to either party. In November, 1973 the plaintiff, an attorney, instituted a small claims action against Alonzo E. Howard, individually, and as executor of the estate of Clotilda Howard, to recover the sum of $339 disbursements advanced by plaintiff on defendant's behalf. The defendant counterclaimed to recover the sum of $3,000 because of the alleged excessiveness of defendant's fee paid to him for legal services to the estate. Upon the defendant's application, the Surrogate transferred the matter to his jurisdiction, the court being satisfied that the action at issue affects or relates to the administration of the estate of Clotilda Howard (SCPA 501). We agree with the Surrogate that the transfer was proper. The overriding issue is the claimed excessiveness of plaintiff's fee for services rendered to the defendant as executor of the Estate. Furthermore, this court has in effect previously passed on the jurisdictional question when we denied appellant's application for a stay of the proceedings before the Surrogate. The Surrogate's opinion ably reviews the evidence and we are in agreement therewith except as to the reasonable value of plaintiff's legal services rendered to the executor fixed by the Surrogate at $1,800. We feel the fair ànd reasonable value to be $2,500 and that defendant should therefore have judgment for $2,000 instead of $2,700. Concur—Lupiano, Capozzoli and Nunez, JJ.; Markewich, J. P., and Murphy, J., dissent in the following memorandum by Murphy, J.: Murphy, J. (dissenting). After a lengthy trial, the Surrogate determined that there "was never a meeting of the minds" between plaintiff-attorney and the executor of the estate. Accordingly, he exercised his statutory authority to fix plaintiff's compensation. (SCPA 2110.) In such connection, he reviewed the services rendered, which consisted essentially of an uncontested probate, a simple tax proceeding and negotiation and consummation of an uninvolved $8,000 real estate transaction. The gross taxable estate amounted to approximately $48,000, including real property valued at $35,000 and a totten trust of $2,089.18. Plaintiff was also involved in several dispossess proceedings, but retained outside counsel and was also concerned with the individual business of the legatees. For these matters the Surrogate correctly held that plaintiff was not entitled to payment from the estate. Finally, there was sufficient evidence adduced to support a finding that plaintiff manipulated the estate's accounts and drew fees before the services rendered warranted the same. In light of the foregoing, and since new counsel has now been retained and must be compensated to prepare and render an accounting, we see no reason to disturb the Surrogate's holding. Accordingly, we dissent and vote to affirm the decree on appeal. Settle order on notice.