■ In the Matter of the Estate of PEARL S. SHERBURNE, Also Known as PEARL S. WELLS, Deceased. MICHAEL S. NOBILETTI, Respondent; BEN McGINTY et al., Appellants. — In a proceeding, *inter alia,* to restrain the executors of the estate of Pearl Sherburne from selling the real property of the decedent, the executors appeal, as limited by their brief, from stated portions of an order of the Surrogate's Court, Queens County (Laurino, S.), dated April 20, 1982, which, *inter alia,* (1) restrained the executors from selling or otherwise disposing of the real property without an order of the Surrogate's Court; and (2) ordered the executors to render and file a final account. Order affirmed, insofar as appealed from, without costs or disbursements. EPTL 11-1.1 (subd [b], par [5], cl [B]) is to the effect that a fiduciary does not have authority to sell property of an estate or trust that was "specifically disposed of" by will or testamentary trust. Here the decedent stated in her will that except as to bequests of items of cash, jewelry and furs, "everything that I possess including my home" is left to my four grandchildren. Assuming, *arguendo,* that a gift of "everything I own including" constitutes a nonspecific disposition of the item or items stated in the succeeding words (cf. 65 NY Jur, Wills, § 788, p 59), the fact that the grandchildren elected to take the home in kind bars the executors from thereafter executing a contract of sale (see *Trask v Sturges,* 170 NY 482; cf. *Matter of Fello,* 88 AD2d 600, affd 58 NY2d 999). Under the circumstances the requirement that the executors render and file a final account was an

appropriate exercise of discretion (see SCPA 2205). Lazer, J. P., Thompson, Gulotta and Bracken, JJ., concur.