■ In the Matter of the Estate of HAROLD SCHRUTT, Also Known as HAROLD H. SCHRUTT, Deceased. JOAN S. O'MEARA et al., Appellants; HAROLD SCHECTMAN et al., Respondents. [615 NYS2d 204] —Decree unanimously affirmed without costs. Memorandum: Objectants' contention that Surrogate's Court erred in granting proponents' motion for a directed verdict is without merit. The court granted a directed verdict with respect to both "fraud and undue influence", although the objection based on fraud was not included in the court's amended order

framing the issues for trial. To the extent, however, that the objection based on fraud survived, the court properly dismissed it; objectants offered no competent evidence to support their objection.

We also reject objectants' contention that the testimony of two co-executors named in the contested will was improperly excluded under the Dead Man's Statute (CPLR 4519). The court properly excluded that testimony because of the co-executors' interest in defending against objectants' allegations regarding the co-executors' influence over decedent. Similarly, testimony concerning purported conversations between decedent and two of his children about his estate was properly excluded because decedent's children were "interested" parties within the meaning of CPLR 4519.

Testimony concerning one of the co-executor's business dealings with decedent was properly excluded as irrelevant (see generally, People v Davis, 43 NY2d 17, 27, cert denied 435 US 998; Radosh v Shipstad, 20 NY2d 504, 508). Likewise, testimony concerning the co-executor's alleged threats to two of decedent's children was properly excluded as irrelevant and as hearsay. Finally, we reject objectants' contention that proponents waived the Dead Man's Statute by their cross-examination of one of decedent's children. That cross-examination did not involve a "personal transaction or communication between the witness and the deceased person" (CPLR 4519; see, Matter of Wood, 52 NY2d 139, 145).

We also reject objectants' contention that the court improperly granted a preliminary injunction restraining decedent's estranged wife from entering the marital residence. Although she may not have personally received proponents' papers in support of the injunction, her attorney appeared on her behalf at oral argument to oppose the injunction. The court properly determined that, under the circumstances, the injunction was necessary in order to maintain the status quo during the pendency of the proceedings (see, CPLR 6301; Grant Co. v Srogi, 52 NY2d 496, 517).

There is no merit to the contention that the court's bias against objectants deprived them of a fair trial. The record reveals that the court acted in an even-handed manner and properly exercised its discretion in limiting testimony that was repetitive or irrelevant.

Objectants' remaining contentions are either without merit, not preserved for review, or involve orders not affecting the final judgment that were not timely appealed (see, CPLR 5501

[a] [1]). (Appeal from Decree of Erie County Surrogate's Court, Mattina, S.—Probate Will.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.