◼ JOHN F. DRISCOLL, Individually and as Administrator of the Estate of JOHN F. DRISCOLL, II, Deceased, Appellant, v AKRON FIRE COMPANY, INC., et al., Respondents. (Appeal No. 1.) [675 NYS2d 264] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff's 23-year-old son (decedent) was killed when the automobile in which he was a passenger was struck broadside by an ambulance. Plaintiff commenced this wrongful death action, individually and as administrator of decedent's estate, against the driver of the automobile, defendant Corrine G. Breidenstein (Breidenstein), and the owner and operator of the ambulance, defendant Akron Fire Company, Inc. (Akron).

Upon the conclusion of the trial, the jury apportioned liability 70% against Akron and 30% against Breidenstein. Plaintiff and his wife, who was not a party, each were awarded $5,200 for past pecuniary damages and plaintiff was awarded $5,841.24 for funeral expenses; there was no award for future pecuniary damages (see, EPTL 5-4.3 [a]).

Supreme Court properly denied plaintiff's CPLR 4404 (a) motion to set aside the verdict (see, Texido v Margarucci, 229 AD2d 944). We reject the contention of plaintiff that the awards for the past damages for decedent's wrongful death and the funeral expenses are inadequate (see, CPLR 5501 [c]) and that the verdict is against the weight of the evidence (see, Petrovski v Fornes, 125 AD2d 972, 973, lv denied 69 NY2d 608). The award for past damages, measured by decedent's contributions to the household, is appropriate in light of the evidence regard-

ing the minimal earnings of decedent during the three years before his death. Further, decedent's contribution of $100 per week to the household was taken into consideration by the jury in arriving at its award to the parents. In light of the conflicting testimony regarding the pecuniary value of decedent to his parents, the denial of future pecuniary damages is supported by a fair interpretation of the evidence.

The court properly struck plaintiff's testimony that decedent told plaintiff he intended to contribute $100 per week to the household when he resumed working. We reject plaintiff's contention that the testimony was offered solely to establish decedent's state of mind. The statement was clearly offered "to prove the truth of the matter asserted * * * and for that purpose it was inadmissible hearsay" (*People v Reynoso*, 73 NY2d 816, 819; *see*, Prince, Richardson on Evidence § 8-106 [Farrell 11th ed]).

Contrary to plaintiff's contention, counsel for Akron did not engage in a course of conduct designed to emphasize Akron's poverty. A 25-year member, safety officer and former chief of Akron testified that Akron is a membership-owned corporation, that members are not compensated for their services and that Akron receives money from the Village of Akron, the Town of Newstead and voluntary contributors. That testimony was offered to identify the status of Akron and was not pursued further. Assuming, arguendo, that the testimony was improper, we conclude that it neither diverted the jurors' attention from the issues nor deprived plaintiff of a fair trial (*see*, *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346, 347; *cf.*, *Chism v New York City Tr. Auth.*, 145 AD2d 400, 402). Significantly, Akron's nonprofit status did not prevent the jury from awarding Breidenstein $175,000 for past pain and suffering in the companion action tried at the same time.

Plaintiff's contention that uniformed members of Akron should have been excluded from the courtroom lacks merit. Judiciary Law § 4 provides that "[t]he sittings of every court within this state shall be public, and every citizen may freely attend the same". The firefighters, as members of the public, had the right to be in the courtroom.

We also reject the contention of plaintiff that the court's conduct with respect to his attorney deprived him of a fair trial. The record establishes that the court acted in an even-handed manner and properly exercised its discretion in limiting testimony that was repetitive, irrelevant or improper (*see*, *Matter of Schrutt*, 206 AD2d 851, 852, *lv denied* 84 NY2d 810).

We have reviewed plaintiff's remaining contentions and

conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—Damages.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.