■ In the Matter of a Trust Created by HUGH J. KELLY, Deceased. HUGH J. KELLY JR., Respondent; EDMUND KELLY, as Trustee of a Trust Created by HUGH J. KELLY, Deceased, Appellant. [794 NYS2d 458]—

Kane, J. Appeal from an order of the Surrogate's Court of Ulster County (Czajka, S.), entered January 14, 2004, which, inter alia, denied respondent's motion to dismiss the petition.

In 1994, decedent established an inter vivos trust naming his son, respondent, as trustee. Respondent was also named executor in decedent's will. Decedent's estate plan provided that if the estate assets were depleted, the trust would pay the remaining estate expenses and taxes. The remainder of the trust assets would then be equally divided among decedent's five children. Petitioner moved in Ulster County Surrogate's Court—where decedent's will was admitted to probate—to compel respondent to provide an interim accounting of decedent's estate. The court granted that motion in March 2003. In August 2003, another beneficiary petitioned Westchester County Surrogate's Court for a compulsory accounting regarding the trust. In October 2003, petitioner, who apparently was not served with notice regarding the Westchester application, applied to the Ulster County Surrogate's Court for a trust accounting. The Westchester County Surrogate's Court granted the petition before it and ordered a trust accounting, which respondent filed in that court. That

court then issued a citation giving notice to all trust beneficiaries, including petitioner.

In November 2003, respondent moved in Ulster County to dismiss petitioner's application to compel a trust accounting in that court or, in the alternative, to transfer the petition to Westchester County. Petitioner cross-moved in Ulster County to transfer the Westchester County trust accounting proceeding to Ulster County. Ulster County Surrogate's Court denied respondent's motion and granted the cross motion, ordering the transfer of the Westchester proceeding to Ulster County. Because venue does not properly lie in Ulster County, we reverse.

Although Ulster County is the proper venue for proceedings related to decedent's estate (*see* SCPA 205 [1]), it is not proper for the trust proceedings. Both Westchester County and Ulster County have jurisdiction over proceedings regarding the lifetime trust (*see* SCPA 207 [1]). The proper venue for proceedings involving a lifetime trust is the county where the trust assets are located, the grantor was domiciled when proceedings were commenced or a trustee resides (*see* SCPA 207 [1]). The trust assets here are located in Westchester County and New York County. Decedent was deceased at the time the trust proceedings were commenced, and a grantor has no domicile after death (*see Matter of Witherill*, 306 AD2d 674, 674 [2003]). Respondent, the sole trustee, resides in Westchester County. Contrary to petitioner's argument that respondent is deemed a resident of Ulster County by his appointment as executor of decedent's estate in that county (*see* CPLR 503 [b]), an executor is only deemed a resident of the county where he or she was appointed for purposes of litigation related to the estate or that representative capacity. Respondent's status as executor does not render him a resident of Ulster County for this proceeding concerning the trust. While a trustee appointed by a court is deemed a resident of the county in which such appointment was made (*see* CPLR 503 [b]), respondent was not appointed a trustee by a court but was named as one in the trust document itself. Because none of the prerequisites under SCPA 207 (1) exists to establish Ulster County as a proper venue, Ulster County Surrogate's Court should have dismissed petitioner's petition initiating a trust proceeding there.

Petitioner contends that SCPA 501 (1) permitted Ulster County Surrogate's Court, which admittedly had jurisdiction over the trust matter, to transfer that matter in to itself from Westchester County Surrogate's Court regardless of any venue problems. Although two statutes seem to permit the Surrogate's

Court to transfer matters *in from* other courts (*see* SCPA 209 [3]; 501 [1] [a]), the NY Constitution only authorizes the Surrogate's Court to transfer proceedings pending in that court *out to* other courts (*see* NY Const, art VI, § 19 [h]; *see also* NY Const, art VI, § 19 [d]; Siegel and Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 209, at 179-180; *but see Matter of Howard,* 52 AD2d 536, 537 [1976] [holding transfer in to Surrogate's Court from small claims court proper, without mentioning constitution]). Accordingly, the constitution did not grant Ulster County Surrogate's Court the authority to transfer a proceeding in to itself from Westchester County Surrogate's Court.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, respondent's motion granted, petitioner's cross motion denied, and petition dismissed.