■ In the Matter of the Trust Made by DOUGLAS F. MYERS. RICHARD P. MYERS, Respondent; DOUGLAS F. MYERS, as Trustee of the Trust Made by DOUGLAS F. MYERS, Appellant. [845 NYS2d 510]—

Cardona, P.J. Appeal from an order of the Surrogate's Court of Chemung County (Buckley, S.), entered November 22, 2006, which granted petitioner's application to direct respondent to transfer a deed to certain real property to petitioner.

The parties to this proceeding are brothers. Their late parents were the owners of two homes. On December 13, 2003, the parties' mother, Flora Myers, executed a last will and testament providing that, in the event that she survived her husband (who passed away in April 2004), she was leaving the property located at "2055 Chambers Road, Beaver Dams, New York, Town of Catlin, Chemung County" to respondent and the property located at "10 Crescent Drive, Town of Erwin and County of Steuben" to petitioner. Despite those provisions, on that same day, the parties' parents also executed a deed conveying to *respondent* the 10 Crescent Drive property earmarked for petitioner in the mother's will. In the deed, which was not recorded at that time, the parents maintained a life estate in the property.

Subsequently, following the death of the parties' father, respondent executed a trust agreement on May 3, 2004, wherein he warranted that "he is holding title to [10 Crescent Drive] for [petitioner] and either upon the demise of both their parents or upon agreement and/or no later than five (5) years following the demise of the parents the hereinbefore mentioned property will be deeded over to [petitioner] by [respondent]." It further stated that the "property is being held by [respondent] as a convenience for [petitioner] and his failure to turn this property over to [petitioner] . . . is contrary to his parents' wishes and these documents will serve as complete proof that the property is [petitioner's]."[1] On May 14, 2004, the December 2003 deed was recorded. The parties' mother passed away in January 2005.

Thereafter, petitioner commenced this proceeding, pro se, in Supreme Court seeking an order compelling respondent to transfer 10 Crescent Drive to him in accordance with, among other things, the trust agreement.[2] The matter was subsequently transferred to Chemung County Surrogate's Court. Following a hearing in November 2006 with both parties present, the court directed that respondent transfer the 10 Crescent Drive property to petitioner by December 1, 2006, prompting this appeal.

Initially, we are unpersuaded by respondent's contention that the petition should have been dismissed because Chemung County was an improper venue for the proceeding. Proper venue for proceedings relating to lifetime trusts is the county where "(a) assets of the trust estate are located, or (b) the grantor was domiciled at the time of the commencement of a proceeding concerning the trust, or (c) a trustee then acting resides" (SCPA 207 [1]; *see Matter of Kelly*, 17 AD3d 791, 792 [2005]). Here, while there is no question that the 10 Crescent Drive property is located in Steuben County, there is nevertheless information in this record that supports the finding of Surrogate's Court that respondent, who is the trustee, resided in Chemung County at the applicable time. Accordingly, we are unpersuaded that venue was improper (*see* SCPA 207 [1] [c]).

Respondent next contends that Surrogate's Court committed reversible error by taking petitioner's testimony in violation of the Dead Man's Statute (*see* CPLR 4519). Notably, the state-

---

**1.** It appears that, although the parents wanted each of their sons to receive one of their houses, the 10 Crescent Drive property was put in trust for petitioner due to certain financial issues he was then experiencing.

**2.** Petitioner also referenced his mother's will as a basis for relief, however, since she only possessed a life estate in the property when she passed away, her interest in the property was extinguished at the time of her death (*see* 56 NY Jur 2d, Estates, Powers & Restraints on Alienation § 57).

ment in lieu of transcript supplied by the court does not establish that any such testimony was adduced at the hearing and, in addition, there is no indication that respondent preserved this issue by making an appropriate objection (*see* 40 NY Jur 2d, Decedents' Estates § 1225). In any event, even assuming a proper objection, the Dead Man's Statute is not applicable herein since, although respondent was the administrator of his mother's estate, the instant proceeding is a trust proceeding and not a dispute concerning the proper disposition of a decedent's estate (*see* CPLR 4519; *Poslock v Teachers' Retirement Bd. of Teachers' Retirement Sys.*, 88 NY2d 146, 151 [1996]; *see also Matter of Wood*, 52 NY2d 139, 144 [1981]).

Turning to respondent's challenge to Surrogate's Court's construction of the terms of the trust agreement, we agree that the language therein gave respondent discretion to select the date on which to transfer the subject property to petitioner, with the restriction that, in the absence of an agreement with petitioner, the transfer occur no later than five years after the death of both parents. Notably, in construing the language of a trust, the most important consideration is the grantor's "intention determined solely from the unambiguous language of the instrument itself" (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267 [1990]; *see Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 911 [2001]). Here, the language in the instrument does not *require* transfer of the property before the expiration of the five-year period in January 2010. Accordingly, the order directing that respondent transfer the property immediately must be reversed and, in doing so, we remit the matter to Surrogate's Court to determine the appropriate amount, if any, of an award to respondent, as trustee, of reasonable reimbursement of expenses incurred in maintaining the trust property (*see* Restatement [Second] of Trusts § 244; *see also* EPTL 11-1.1 [b] [22]).

Finally, we note that there is information in the record indicating that, at one point, respondent listed the trust property for sale. Significantly, respondent, as fiduciary, has a duty to act with the utmost good faith in the administration of a trust (*see Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d at 270). Accordingly, Surrogate's Court, on remittal, should determine whether an interim order is appropriate restraining respondent from disposing of the property without an order of that court (*see Matter of Sherburne*, 95 AD2d 859, 859 [1983]; *see also* EPTL 7-2.4).

The remaining issues advanced by respondent, including his arguments related to personal jurisdiction, have been examined and found to be unpreserved and/or unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Chemung County for further proceedings not inconsistent with this Court's decision.