■ FRANCES J. TAITT, Appellant, v CHARLES D. SNELLING et al., Respondents. (Appeal No. 1.) [902 NYS2d 481]—Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered May 29, 2009. The order denied the motion of plaintiff for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered June 1, 2009. The judgment, upon a jury verdict, declared that defendant Charles D. Snelling is the owner of a certain parcel of real property.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict declaring that Charles D. Snelling (defendant) is the owner of a disputed parcel of real property. Plaintiff failed to preserve for our review her contention that Supreme Court erred in admitting in evidence certain trial testimony of defendants in violation of the Dead Man's Statute (CPLR 4519), inasmuch as she failed to object to that testimony during trial (*see Matter of Myers*, 45 AD3d 955, 956-957 [2007]). In any event, we cannot determine on the record before us whether defendant and plaintiff's deceased father-in-law participated in the kind of "personal transaction" required to disqualify defendant's testimony under the statute (CPLR 4519; *see Durazinski v Chandler*, 41 AD3d 918, 920 [2007]; *see also Matter of Schrutt*, 206 AD2d 851, 852 [1994], *lv denied* 84 NY2d 810 [1994]; *see generally Holcomb v Holcomb*, 95 NY 316, 325 [1884]). Contrary to the further contention of plaintiff, the court properly denied her motion for judgment notwithstanding the verdict because defendant established by clear and convincing evidence that he adversely possessed the disputed property over a period of more than 20 years (*see Heumann v Old Forge Props., Inc.*, 34 AD3d 1204 [2006]; *Chavoustie v Stone St. Baptist Church of Chaumont*, 171 AD2d 1055 [1991]). The fact that defendant conceded in a letter to his attorney that he did not own the property at issue did not negate the element of hostility or otherwise divest him of title because that statement was made subsequent to acquisition of title by adverse possession (*cf. City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD3d 118, 124 [1982], *appeal dismissed* 58 NY2d 824 [1983]). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.