■ DAUGHTERS OF SARAH NURSING HOME COMPANY, INC., Respondent, v ARTHUR LIPKIN et al., Appellants.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Prior, Jr., J.), entered May 5, 1988 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff sued defendants for $29,047.10 plus interest, due for nursing home care rendered to defendant Max Lipkin, and then moved for summary judgment. Max Lipkin and his son, defendant Arthur Lipkin, signed an agreement with plaintiff stating that, "The patient and/or Responsible Party agree * * * [to] pay [plaintiff] the sum of $112.50 per day for the services and provisions set forth * * * above". Arthur Lipkin signed as "Responsible Party". Supreme Court granted plaintiff summary judgment, finding that it was established as a matter of law that Arthur Lipkin has personally guaranteed the payment of his father's bill.

We concur. Defendants have failed to demonstrate that a triable issue of fact exists. Arthur Lipkin's conclusory allegations, containing no factual recitation, are insufficient to defeat a motion for summary judgment (see, Poluliah v Fidelity High Income Fund, 102 AD2d 720, 722). Defendants first contend that the term of the agreement "and/or" is ambiguous and that a trial was necessary to resolve its precise meaning. This argument is without merit. The term "and/or" is widely used and its import is clear, i.e., that plaintiff may seek recovery from both or either one of the defendants.

Arthur Lipkin also contends that the meaning of his obligation was unclear and that he did not intend to become personally responsible for his father's care. This contention is also to no avail. As the Court of Appeals has noted, "the existence of a binding contract is not dependent on the subjective intent of either [party]" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399). The contract's words unmistakenly oblige defendants to insure payment.

Judgment affirmed, with costs. Kane, J. P., Mikoll, Levine and Mercure, JJ., concur.