■ DAUGHTERS OF SARAH NURSING HOME COMPANY, INC., Appellant, v MARILYN FRISCH, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered November 22, 1989 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment.

On November 20, 1987, defendant was advised by telephone that Jennie Alpert, her aunt, had been transferred to plaintiff's nursing home and that she would be required to fill out papers necessary to the admission and treatment of Alpert. When presented with a document, defendant inquired, "Am I signing away my life?" Defendant avers that she was informed that it was a routine form that had to be signed to permit admission and care for Alpert. Defendant's husband, who was present at the time, avers that there was no explanation of

any financial responsibility resulting from executing the document. Defendant signed the document as "Responsible Party".

Alpert died February 13, 1989 and, the next day, defendant received notification advising that Alpert was ineligible for Medicaid. Thereafter, in connection with this action to recover the costs attendant upon services rendered Alpert, plaintiff moved for summary judgment. Defendant cross-moved for an order directing that plaintiff be required to respond to interrogatories served. Supreme Court denied plaintiff's motion and granted the cross motion. This appeal by plaintiff ensued.

We affirm. Here, unlike in *Daughters of Sarah Nursing Home Co. v Lipkin* (145 AD2d 808), a question of fact was created by plaintiff's response to defendant's inquiry concerning her possible liability if she signed documents concerning the admission, care and treatment of Alpert. In *Daughters of Sarah Nursing Home Co.*, the defendant unmistakably guaranteed payment of his father's bill. Here, defendant may have executed the subject instrument relying on the representation that the form was a mere formality, without any explanation of the financial obligations resulting. Although the existence of a binding contract is not dependent on the subjective intent of either party *(see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 399), an issue of fact was created concerning the intent to contract by the differing inferences which can be drawn from the oral exchange between defendant and plaintiff's representative *(see, supra,* at 400).

Order affirmed, with costs. Mahoney, P. J., Casey, Mercure and Harvey, JJ., concur.