■ BENJAMIN LEVY, Appellant, v MORGAN BROTHERS MANHATTAN STORAGE COMPANY, INC., Respondent. [612 NYS2d 245] — In an action to recover damages for negligence and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated July 31, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff seeks recovery of damages sustained as the result of the theft of certain Persian rugs which had been kept in a self-storage room located in the defendant's warehouse. It is uncontroverted that the plaintiff placed his own lock on the door to the windowless storage room and did not furnish the defendant with a key. It is also uncontroverted that the parties had executed a "Hold Harmless Agreement" in which they clearly and unambiguously provided that the plaintiff would hold harmless the defendant from and against any loss arising out of the plaintiff's rental of the self-storage room and any property contained therein.

In moving for summary judgment, the defendant relies upon the "Hold Harmless Agreement", as well as similar language contained in the parties' monthly lease. Since this clear and unambiguous documentary evidence was sufficient to demonstrate the defendant's entitlement to judgment as a matter of law *(see, Gross v Sweet,* 49 NY2d 102, 107), the burden shifted to the plaintiff to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). We conclude that the plaintiff, who relies principally upon a Warehouse Agreement memorializ-

ing a contractual relationship between the parties which had ceased to exist long before the subject theft, has failed to meet this burden. Accordingly, the Supreme Court properly granted the defendant's motion.

We have examined the plaintiff's remaining contentions and find them to be without merit *(cf., I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.