GERARD A. STRAUSS, Appellant, v STONELEDGE FARMS, INC., Doing Business as STONELEDGE STABLES, Respondent. [684 NYS2d 387] —Order unanimously affirmed without costs. Memorandum: Plaintiff and defendant entered into an agreement pursuant to which defendant would board plaintiff's horses for

a fee. One of plaintiff's horses was injured on defendant's property when it stepped into a coil of fence wire. Plaintiff moved to dismiss certain affirmative defenses and for summary judgment dismissing other affirmative defenses and a counterclaim. Supreme Court properly denied plaintiff's motion.

Plaintiff argues that defendant's counterclaim and eighth and ninth affirmative defenses should be dismissed because they are based on an agreement between the parties that did not relieve defendant from its own acts of negligence. Where, as here, parties have negotiated an exculpatory agreement at arm's length, a party will not be liable for its own negligence even if the exculpatory agreement is drawn in broad and sweeping language (*see, Gross v Sweet*, 49 NY2d 102, 108; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-159, 161; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 451-452, *affd* 65 NY2d 1038). The indemnification clause in the parties' agreement evinced the intent that plaintiff was to look solely to his own insurance for any injuries to his horse. Because that intent may be inferred from the entire agreement, it is of no consequence that the agreement did not refer expressly to any negligence of the parties (*see, Gross v Sweet, supra*, at 108; *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153; *Reeves v Welch*, 127 AD2d 1000, 1001). The court therefore properly denied that part of plaintiff's motion seeking to dismiss the eighth and ninth affirmative defenses and counterclaim.

We reject plaintiff's further contention that General Obligations Law § 5-326 applies to void the agreement. Defendant's place of business was not open to the public. The boarding fee that plaintiff paid to defendant is not analogous to a user fee for a recreational facility as contemplated by the statute (*see, Baschuk v Diver's Way Scuba*, 209 AD2d 369, 370).

The court properly refused to dismiss the sixth and seventh affirmative defenses, challenging the imposition of punitive damages, and the 10th affirmative defense, asserting the failure to state a cause of action. (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.