■ Ira H. Futterman, Respondent, v West Shore Marina, Inc., Appellant, et al., Defendants. [729 NYS2d 180] —In an action, *inter alia,* to recover damages for negligence and breach of contract, the defendant West Shore Marina, Inc., appeals from an order of the Supreme Court, Suffolk County (Henry, J.), entered September 30, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

By written agreement dated October 29, 1994, the defendant West Shore Marina, Inc. (hereinafter WSM), agreed to store the plaintiff's 44-foot sailboat in dry dock at its Huntington marina. The contract contained, *inter alia,* the following provisions:

"V. Boat owner agrees that he will keep the boat fully insured with complete marine insurance, including hull coverage, indemnity, and liability insurance.

"VI. It is understood and agreed by the owner that West Shore Marina is not responsible or liable for any loss through fire, theft, vandalism, malicious mischief, personal injury, property damage, loss of personal property and equipment what so ever [*sic*], or through any act of God (windstorm, high or low waters, hail, rain, ice, collision, or accident, etc.) and does not carry insurance to cover the same * * *

"In the event of a storm it is the responsibility of the boat owner to secure, remove, or take whatever precaution necessary for the safety of his boat, other boats and the Marina property.

"Boat owner agrees to indemnify and hold harmless West Shore Marina from all loss to persons or property arising from the performance of this contract."

On December 24, 1994, while the boat was stored at WSM's marina, a severe storm passed through the Huntington area, which caused the boat to fall over and sustain extensive damage. At his deposition, the plaintiff admitted that no work was to be done on the boat unless he was present. He also admitted that he was out of the country during the month of December, and did not return to the United States until on or about December 31, 1994, or January 1, 1995.

In March 1997 the plaintiff commenced this action against WSM, Formac Welding, Inc., which manufactured the stand that held the boat, and M&M Canvas, Inc., the manufacturer of the boat's canvas covering, *inter alia*, to recover for property damage to the boat. Thereafter, WSM moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground that the exculpatory clauses in the storage agreement relieved it of any liability for damage to the boat caused by the storm. The Supreme Court denied the motion, on the ground that those clauses were ambiguous, and therefore not enforceable. We disagree.

The unambiguous language of the contract provided that it was the plaintiff's duty to properly secure the boat in the event of a storm, and that WSM was not liable for any loss such as that caused by, *inter alia*, a windstorm, and there is no reason not to give effect to that language. The plaintiff failed to take any action, as he was required to do under the contract, to secure the boat against damage from a windstorm. In opposition to the showing by WSM of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether or not WSM breached any obligation imposed upon it by the contract. Since the plaintiff failed to show the existence of a triable factual issue, the motion should have been granted, and the complaint should have been dismissed insofar as asserted against WSM (*see, Gross v Sweet,* 49 NY2d 102, 107-108; *Strauss v Stoneledge Farms,* 256 AD2d 1186, *Levy v Morgan Bros. Manhattan Stor. Co.,* 204 AD2d 695; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.