■ COUNTY OF ORANGE, Respondent, v CARRIER CORPORATION et al., Appellants. [869 NYS2d 211]—

When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]; *DiLorenzo v Estate Motors, Inc.*, 22 AD3d 630, 631 [2005]; *Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098 [2005]; *DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]). Here, attached to the parties' agreement dated April 3, 2001, was a document entitled "terms and conditions" that, inter alia, confined the limitations period for any causes of action arising out of the agreement to one year and barred the recovery of consequential damages. The defendants failed to establish, prima facie, that the language in the parties' subsequent agreements clearly and unambiguously referred to those "terms and conditions" (*DiLorenzo v Estate Motors, Inc.*, 22 AD3d at 631; *see Amusement Bus. v American Intl Group*, 66 NY2d at 880-881; *DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]). Nor did the defendants establish, as a matter of law, that the parties' subsequent agreements incorporated those "terms and conditions" by reference (*see Spiegler v Gerken Bldg. Corp.*, 35 AD3d 715, 717 [2006]; *Chiacchia v National Westminster Bank*, 124 AD2d 626, 628 [1986]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing, as time-barred, those claims that had accrued more than one year prior to the commencement of the action and dismissing any claims for consequential damages, based on provisions in the terms and conditions document attached to the April 3, 2001 agreement, as issues of fact remain which can only be resolved at trial.

The defendants' remaining contention is without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.