■ Marcia Meirowitz et al., Appellants, v Bayport-Bluepoint Union Free School District et al., Respondents. [870 NYS2d 106]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In January 2001 the defendant Bayport-Bluepoint Union Free School District (hereinafter the School District) contracted with nonparty Horizon Benefits Administration, Inc. (hereinafter Horizon) to act as the third-party administrator of the School District's retirement savings plan offered to employees under Internal Revenue Code (26 USC) § 403 (b). In addition to serving as the third-party administrator, Horizon acted as a vendor of investment products and provided two investment options, known as Choices Unlimited and Choices Select. Employees who chose to participate in the retirement savings plan were required to enter into a salary reduction agreement (hereinafter the SRA). Pursuant to the SRA, the School District would deduct money from the participant's paycheck and transfer it to Horizon's custodial bank, where the funds would then be distributed by Horizon to the vendor selected by the participant. The SRA contains a "Hold Harmless Provision" which provides that "[t]he Employee agrees that the Employer shall have no liability whatsoever for any loss suffered by the Employee with regard to his selection of an insurance company or mutual fund, or the solvency of, operation of, or benefits provided by said insurance company or mutual fund company."

In September 2004, following an investigation by the Attorney General of the State of Ohio, Horizon's assets were frozen and Horizon was eventually liquidated. The individual plaintiffs, retired and active School District employees who participated in the retirement savings plan and opted to have their salary deductions deposited in Horizon's Choices Unlimited product, lost money upon Horizon's liquidation. The plaintiffs commenced the instant action, inter alia, to recover damages for breach of contract.

On their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law based upon the clear and unambiguous language of the SRA's hold harmless provision (*see Futterman v West Shore Mar.*, 286 AD2d 367, 368 [2001]; *Levy v Morgan Bros. Manhattan Stor. Co.*, 204 AD2d 695 [1994]). It is uncontroverted that the only retirement savings plan participants who lost money were the ones who selected the Choices Unlimited investment option offered by Horizon in its capacity as a vendor of investment products. Retirement savings plan participants who, under Horizon's third-party administration, selected Horizon's Choices Select investment option or deposited their money in funds offered by other vendors did not suffer losses as a result of Horizon's liquidation. The hold harmless provision "was clearly intended to encompass a situation like the one at hand" (*Elmira Teachers' Assn. v Elmira City School Dist.*, 53 AD3d 757, 760 [2008], *lv denied* 11 NY3d 709 [2008]). Since, in opposition to the defendants' prima facie showing, the plaintiffs failed to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the Supreme Court properly granted the defendants' motion. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.