■ U.S. PHILIPS CORPORATION, Respondent, v EMI MUSIC, INC., et al., Appellants. [883 NYS2d 584]—

In an action to recover damages for breach of contract, the defendants appeal from stated portions of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered January 16, 2008, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to so much of the complaint as sought the payment of royalties for compact discs that were sold but later returned by the defendants' customers.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Salerno v Odoardi*, 41 AD3d 574, 575 [2007]). " '[E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990], quoting *Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969]). Contrary to the defendants' contention, the Supreme Court properly found that the language of the parties' license agreement was clear and unambiguous as to the payment by the defendants of certain royalties for compact discs that were "sold," even if the compact discs were later returned by the defendants' customers. In this regard, the subject agreement provided that the defendants would be responsible for paying royalties to the plaintiff for compact discs "made, used, sold or otherwise disposed of" by the defendants. The agreement further provided that a product "shall be considered sold when invoiced, or if not invoiced, when delivered to a party other than the manufacturer." Accordingly, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the issue of liability with respect to so much of the complaint as sought the payment of certain royalties for compact discs that were sold but later returned by the defendants' customers (*see Meirowitz v Bayport-Bluepoint Union Free School Dist.*, 57 AD3d 858, 860 [2008]). In opposition thereto, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants' remaining contentions are without merit. Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.