■ HARDY PLUMBING, HEATING & AIR CONDITIONING, INC., Plaintiff, v SUSAN MENU, Defendant/Third-Party Plaintiff-Appellant-Respondent. J. MICHAEL HAIGHT, Doing Business as WATERSEDGE DESIGN CONSTRUCTION MANAGEMENT, et al., Third-Party Defendants-Respondents-Appellants. [884 NYS2d 464]—

In an action to recover a sum of money allegedly due, in which a third-party action for indemnification and an accounting was commenced, the defendant/third-party plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated October 21, 2008, which denied her motion for summary judgment dismissing the third-party defendants' counterclaim to recover damages for breach of contract, and (2) an order of the same court dated October 27, 2008, and the third-party defendants cross-appeal from the same orders.

Ordered that the appeal and cross appeal from the order dated October 27, 2008, and the cross appeal from the order dated October 21, 2008, are dismissed; and it is further,

Ordered that the order dated October 21, 2008, is reversed, on the law, with costs, and the defendant/third-party plaintiff's motion for summary judgment dismissing the third-party defendants' counterclaim to recover damages for breach of contract is granted.

The order dated October 27, 2008, did not decide a motion made on notice. Therefore, it was not appealable as of right, and under the circumstances of this case we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; [c], *Wall St. Mail Pick Up Serv., Inc. v Lancer Ins. Co.*, 44 AD3d 851 [2007]).

The defendant/third-party plaintiff made a prima facie showing of her entitlement to summary judgment dismissing the third-party defendants' counterclaim alleging breach of contract by way of the third-party defendants' own submissions and pleadings. These showed that the basis for the counterclaim was certain home improvements, as that term is defined in the Code of the Town of East Hampton, which the third-party defendants made to her East Hampton home. Since the third-party defendants admitted they were not licensed as home improvement contractors, as required by that Town's Code (*see* Code of the Town of East Hampton §§ 156-5, 156-10), the

defendant/third-party plaintiff established that she was entitled to dismissal of the counterclaim (*see Racwel Constr., LLC v Manfredi,* 61 AD3d 731 [2009]; *Callos, Inc. v Julianelli,* 300 AD2d 612 [2002]; *Millington v Rapoport,* 98 AD2d 765 [1983]; *see also Caldwell v American Package Co., Inc.,* 57 AD3d 15 [2008]). In response, the third-party defendants failed to show the existence of a triable issue of fact. Accordingly the defendant/ third-party plaintiff's motion for summary judgment should have been granted (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The third-party defendants' cross appeal from the order dated October 21, 2008, must be dismissed, as they are not aggrieved thereby (*see* CPLR 5511). Although their arguments on the cross appeal from the order dated October 21, 2008, can be considered as alternative grounds for affirmance of that order (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]), those alternative arguments for affirmance are also without merit. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur. [*See* 2008 NY Slip Op 33110(U).]