■ EMIL SHADLICH et al., Respondents, v RONGRANT ASSOCIATES, LLC, Respondent, and RITE AID OF NEW YORK, INC., Appellant. [887 NYS2d 228]—

In an action to recover damages for personal injuries, etc., the defendant Rite Aid of New York, Inc., appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 18, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On its motion for summary judgment, the defendant Rite Aid of New York, Inc. (hereinafter Rite Aid), argued that it had no duty to maintain the area where the plaintiff's decedent allegedly tripped and fell, relying upon a provision in its lease with the defendant Rongrant Associates, LLC, obligating it to maintain "the sidewalk" in front of the leased premises. However, that provision is ambiguous as to whether Rite Aid had a duty to maintain the area where the decedent tripped and fell (*see County of Orange v Carrier Corp.,* 57 AD3d 601, 602 [2008]; *Lerer v City of New York,* 301 AD2d 577, 578 [2003]). When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment (*see Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880 [1985]; *County of Orange v Carrier Corp.,* 57 AD3d at 602; *DePasquale v Daniel Realty Assoc.,* 304 AD2d 613 [2003]). Contrary to Rite Aid's contention, the rule that ambiguous language in a contract will be construed against the drafter is not applicable, because the subject lease resulted from negotiations between commercially sophisticated entities (*see Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership,* 2 AD3d 331 [2003]; *Coliseum Towers Assoc. v County of Nassau,* 2 AD3d 562, 565 [2003]). Accordingly, Rite Aid failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus, the Supreme Court properly denied Rite Aid's motion for summary judgment without considering the sufficiency of the opposition papers (*see Miller v Bah,* 58 AD3d 815, 816 [2009]). Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.