■ SHERIFF OFFICERS ASSOCIATION, INC., Respondent, v COUNTY OF NASSAU, Appellant. [893 NYS2d 260]—

The plaintiff is a collective bargaining unit representing correction officers employed by the Sheriff's Department of the County of Nassau. Pursuant to section 23.1 of the collective bargaining agreement (hereinafter CBA) between the plaintiff and the County, "[a] County employee, at least one-half of whose shift is between 4:00 p.m. and 8:00 a.m. shall receive additional shift differential for each hour actually worked, regardless of whether such hours are between 4:00 p.m. and 8:00 a.m." The plaintiff commenced this action against the County, alleging that the County was in breach of section 23.1 of the CBA by failing to pay "shift differential" to the plaintiff's members who work an 8:00 A.M. to 4:00 P.M. shift when these members work at least four hours either immediately before or after working the 8:00 A.M. to 4:00 P.M. shift. The County's position is that members who work an 8:00 A.M. to 4:00 P.M. shift are only entitled to "shift differential" pay if they work "substantially all" of a second shift, or at least seven hours, immediately before or after working the 8:00 A.M. to 4:00 P.M. shift.

After joinder of issue, the plaintiff moved for summary judgment on the issue of liability, and the County cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the County's cross motion. We modify.

"While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence . . . then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]).

Such questions of fact "may not be resolved by the court on a motion for summary judgment" (*Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]; *see County of Orange v Carrier Corp.*, 57 AD3d 601, 602 [2008]; *DiLorenzo v Estate Motors, Inc.*, 22 AD3d 630, 631 [2005]; *Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098 [2005]). Here, the contract language at issue does not unambiguously support either the plaintiff's or the County's positions. Accordingly, there is an issue of fact as to the parties' intent, and the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability, but properly denied the County's cross motion for summary judgment dismissing the complaint. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur. **[Prior Case History: 21 Misc 3d 1130(A), 2008 NY Slip Op 52288(U).]**