■ Baptist Home of Brooklyn, New York, Respondent-Appellant, v Monica Schott, Appellant-Respondent. [902 NYS2d 368]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated June 16, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover damages for breach of an admission agreement and denied her cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered July 3, 2008, which, upon the order, is in favor of the plaintiff and against her in the principal sum of $37,082.25, and the plaintiff cross-appeals (1), as limited by its brief, from so much of the same order as, in effect, denied those branches of its motion which were for summary judgment on its causes of action to recover damages for breach of a private pay agreement and on an account stated, and (2) from the same judgment.

Ordered that the appeal from the order and the cross appeals are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover damages for breach of the admission agreement is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The cross appeal from the judgment must be dismissed, as a successful party who has obtained the full relief sought is not aggrieved and, therefore, has no ground for appeal (*see* CPLR 5511; *LoCiciro v Metropolitan Transp. Auth.*, 276 AD2d 755 [2000]).

The plaintiff failed to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), as to whether the defendant was induced to execute the subject admission agreement by misrepresentations of the plaintiff's representative (*see Millennium Falcon Corp. v WRD Sales, Inc.*, 46 AD3d 862 [2007]), by submitting an affidavit from one with personal knowledge of the facts surrounding the

defendant's execution of the document (*cf. Wedgewood Care Ctr., Inc. v Sassouni*, 68 AD3d 979 [2009]). Accordingly, a triable issue exists concerning the intent to contract (*see Daughters of Sarah Nursing Home Co. v Frisch*, 170 AD2d 752 [1991]; *see also Dayan v Yurkowski*, 238 AD2d 541, 542 [1997]).

Although the plaintiff's contentions on the cross appeal from the judgment can be considered as alternative grounds for affirmance of that judgment (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Hardy Plumbing, Heating & A.C., Inc. v Menu*, 65 AD3d 609 [2009]), those alternative arguments for affirmance are also without merit. The triable issue concerning the intent to contract applies equally to the cause of action to recover damages for breach of the Private Pay Agreement (*see Daughters of Sarah Nursing Home Co., v Frisch*, 170 AD2d at 752), and a claim for an account stated may not be utilized simply as another means to attempt to collect under a disputed contract (*see Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981 [2002]).

The defendant's remaining contentions need not be reached in light of our determination. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.