Angel Luis Vale, Plaintiff, v 221 Thompson, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. ELRAC, Inc., Doing Business as Enterprise Rent A Car, Third-Party Defendant-Appellant. [917 NYS2d 902]—

On July 12, 2005, the plaintiff, who worked for the third-party defendant, ELRAC, Inc. (hereinafter ELRAC), allegedly was injured when he fell down a stairwell located on the premises owned and operated by 221 Thompson, LLC, and its corporate affiliates (hereinafter collectively the Thompson defendants). Certain areas of the premises were leased by the Thompson defendants to ELRAC. The plaintiff commenced an action against, among others, the Thompson defendants, alleging, among other things, negligent maintenance of the stairwell where he fell. The Thompson defendants answered and subsequently commenced a third-party action against ELRAC, inter alia, for contribution and indemnification. ELRAC moved for summary judgment dismissing the third-party complaint and, in the order appealed from, the Supreme Court, among other things, denied its motion. We affirm the order insofar as appealed from.

"As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property" (*Millman v Citibank*, 216 AD2d 278, 278 [1995]). Here, the lease between ELRAC and the Thompson defendants obligated ELRAC to "keep the building and other improvements on the Premises in good order, condition and repair." However, the subject lease is ambiguous as to whether the demised premises included the stairwell where the plaintiff fell. "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (*Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]; *see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]; *County of Orange v Carrier Corp.*, 57 AD3d 601, 602 [2008]; *DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]).

ELRAC's remaining contentions are without merit. Accordingly, the Supreme Court properly denied ELRAC's motion for summary judgment dismissing the third-party complaint, as ELRAC failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.