**NEW PLAN OF HILLSIDE VILLAGE, LLC, Appellant, v JOHN SURRETTE et al., Respondents.** [969 NYS2d 122]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 8, 2011, as denied that branch of its motion which was, in effect, for summary judgment on the first and second causes of action in the complaint, and, upon searching the record, awarded summary judgment to the defendants dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which searched the record and awarded summary judgment to the defendants dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In April 1996, the plaintiff's predecessor-in-interest rented commercial space to Selden Specialty Shop (hereinafter Selden Shop) pursuant to a lease with a term of 15 years. In November 1996, Selden Shop assigned its rights under the lease to the defendants, John Surrette and Paul A. Zysett, the principals of

J & P Specialty Cards, Inc. (hereinafter J & P). The defendants subsequently assigned the lease to J & P, and J & P thereafter defaulted on its rent obligation under the lease. The plaintiff then commenced a summary proceeding against J & P and obtained a judgment against it for the amount of the unpaid rent. Thereafter, the plaintiff commenced this action against the defendants, inter alia, asserting claims sounding in breach of contract, account stated, and quantum meruit. Insofar as relevant to this appeal, the plaintiff moved, in effect, for summary judgment on the first and second causes of action in the complaint. The Supreme Court denied the motion and, upon searching the record, awarded summary judgment to the defendants dismissing the complaint.

Contrary to the plaintiff's contention, the denial of its motion, in effect, for summary judgment on the first and second causes of action was proper. The plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law, since it is unclear from the provisions of the lease and assignment upon which the plaintiff relies whether the parties intended that the defendants would assume continuing liability for the performance of the lease obligations following their assignment of their interest to J & P. "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (*Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]; *see generally Vale v 221 Thompson, LLC*, 82 AD3d 754 [2011]; *County of Orange v Carrier Corp.*, 57 AD3d 601, 602 [2008]). For the same reason, however, the Supreme Court erred in searching the record and awarding summary judgment to the defendants dismissing the complaint. A determination of whether the defendants may be held liable for the default of J & P must await further proceedings in this action. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.