In an action, inter alia, for a judgment declaring that the defendant violated a collective bargaining agreement by deeming certain employees reinstated to their former positions as “new” employees for purposes of their eligibility to health benefits, seniority status, and leave accruals, the defendant appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered May 1, 2012, which denied its motion for summary judgment declaring that it did not violate the collective bargaining agreement and dismissing so much of the complaint as sought to direct it to compensate the employees for expenses incurred by reason of such alleged violations, and granted the plaintiffs cross motion for summary judgment in its favor on the complaint.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant’s motion which was for summary judgment declaring that the defendant did not violate the collective bargaining agreement with respect to its conduct toward the employee Sweta Parikh and other similarly situated employees her upon their reinstatement to their former positions and dismissing so much of the complaint as sought to direct the defendant to compensate those employees for expenses incurred by reason of such alleged violations and substituting therefor a provision granting that branch of the defendant’s motion, and (2) by deleting the provision thereof granting the plaintiffs cross motion for summary judgment in its favor on the complaint and substituting therefor a *782 provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, so much of the complaint as alleged violations of the collective bargaining agreement with respect to the defendant’s conduct toward the employee James Gilmartin and other situated similarly employees is severed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on that portion of the complaint and for the entry of a judgment, inter alia, declaring that the defendant did not violate the collective bargaining agreement with respect to its treatment of Sweta Parikh and other employees situated similarly to her.
This action arose out of class action grievances filed against the defendant, Nassau Health Care Corporation (hereinafter NHCC), by the plaintiff union, Civil Service Employees Association, Inc. (hereinafter CSEA), on behalf of two employees and other similarly situated employees. The grievances alleged violations of a collective bargaining agreement between the parties (hereinafter the CBA) based on NHCC’s treatment of two employees, James Gilmartin and Sweta Parikh, as new employees for purposes of determining eligibility for certain benefits upon their reinstatement to employment. NHCC and CSEA proceeded to nonbinding arbitration, after which the arbitrator issued an advisory award sustaining the grievances. As permitted under the CBA, NHCC rejected the advisory award. CSEA then commenced the instant action, alleging breach of contract and seeking declaratory relief.
“When a contract, ‘read as a whole to determine its purpose and intent,’ plainly manifests the intent of the parties, relief may be granted by way of summary judgment” (Spano v Kings Park Cent. School Dist., 61 AD3d 666, 669 [2009], quoting W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). “Where, however, the contractual provision relied upon is ambiguous, ‘the resolution of the ambiguity is for the trier of fact’” (Spano v Kings Park Cent. School Dist., 61 AD3d at 669, quoting State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]; see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]).
Here, the CBA was clear and unambiguous with respect to treatment of former employees who were reinstated to a full time position a year or more after being laid off without having worked part time for NHCC during this period, and NHCC demonstrated prima facie that Sweta Parikh was treated in conformity with those contractual provisions. In opposition, CSEA failed to raise a triable issue of fact as to Parikh and employees similarly situated (cf. Matter of Incorporated Vil. of *783 Floral Park v Floral Park Police Benevolent Assn., 89 AD3d 731, 732-733 [2011]). Accordingly, the court erred in denying that branch of NHCC’s motion which was for summary judgment declaring that it did not violate the CBA with respect to its treatment of Parikh and employees similarly situated (see Meirowitz v Bayport-Bluepoint Union Free School Dist., 57 AD3d 858, 860 [2008]). Moreover, for the same reasons, the court erred in granting that branch of CSEA’s cross motion which was for summary judgment on the complaint with respect to Parikh and employees similarly situated (see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998, 999 [2012]). Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for a judgment, inter alia, declaring that NHCC did not violate the CBA with respect to its treatment of Parikh and employees similarly situated (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
The CBA was not, however, clear and unambiguous with respect to NHCC’s treatment of James Gilmartin and other similarly situated employees who are reinstated to a full-time position after one year or more of interruption in full-time employment, but less than a year when periods of part-time employment are taken into account. Resolution of the ambiguity is for the trier of fact (see Sheriff Officers Assn., Inc. v County of Nassau, 69 AD3d 921, 921-922 [2010]). Accordingly, the Supreme Court properly denied that branch of NHCC’s motion for summary judgment with respect to Gilmartin and other employees similarly situated, but erred in granting that branch of CSEA’s cross motion which was for summary judgment on the complaint with respect to Gilmartin and other employees similarly situated (see Sheriff Officers Assn., Inc. v County of Nassau, 69 AD3d at 921-922; Spano v Kings Park Cent. School Dist., 61 AD3d at 669-670; cf. Bana Elec. Corp. v Bethpage Union Free School Dist., 76 AD3d 987, 988 [2010]).
Balkin, J.P, Chambers, Lott and Hinds-Radix, JJ., concur.