■ QPBC, INC., Respondent, v TOTAL AUTOMOTIVE WAREHOUSE, INC., et al., Appellants, et al., Defendants. [985 NYS2d 615]—

In an action, inter alia, to recover damages for breach of

contract, the defendants Total Automotive Warehouse, Inc., Queens Plaza Autoparts, Inc., William Goldkranz, and Jerry Goldkranz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered September 24, 2012, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Total Automotive Warehouse, Inc., Queens Plaza Autoparts, Inc., William Goldkranz, and Jerry Goldkranz which was for summary judgment dismissing the causes of action alleging a violation of General Business Law § 349 against the defendants Total Automotive Warehouse, Inc., and Queens Plaza Autoparts, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant Queens Plaza Autoparts, Inc. (hereinafter Queens Plaza), entered into an asset purchase agreement, whereby the plaintiff purchased all of Queens Plaza's assets. As part of the agreement, Queens Plaza agreed not to compete with the plaintiff for a period of seven years within "a radius within the confines of New York, County of Queens, New York from the present location 26-36 Jackson Avenue, Long Island City, New York." The plaintiff subsequently commenced this action against Queens Plaza, a related corporation, and their principals (hereinafter collectively the appellants), among others, alleging, inter alia, that Queens Plaza breached the contract by violating the noncompetition clause.

The Supreme Court properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the cause of action alleging breach of contract, which was asserted against Queens Plaza. The contract language is ambiguous as to the area covered by the noncompetition clause (see New Plan of Hillside Vil., LLC v Surrette, 108 AD3d 512, 513 [2013]; Vale v 221 Thompson, LLC, 82 AD3d 754 [2011]). Contrary to the appellants' contention, the parol evidence they submitted does not conclusively resolve this ambiguity. As the appellants failed to demonstrate the absence of any triable issues of fact regarding the construction of the noncompetition clause, they failed to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

However, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judg-

ment dismissing the causes of action alleging a violation of General Business Law § 349, which were asserted against Queens Plaza and the defendant Total Automotive Warehouse, Inc. The appellants established, prima facie, that the alleged misconduct did not have a broad impact on consumers at large and that this case involved precisely the type of private contract dispute, unique to the parties, that does not fall within the ambit of the statute (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 480 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.