■ Porfirio Cortes, Individually and as Shareholder of 3A North Park Ave. Rest Corp., Suing in the Right of 3A North Park Ave. Rest Corp., Appellant, v 3A North Park Ave. Rest Corp. et al., Respondents. [7 NYS3d 383]—

In an action, inter alia, to recover damages for breach of fiduciary duty and for the judicial dissolution of a closely held corporation, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated June 28, 2013, as denied those branches of his motion which were for summary judgment on the third, seventh, and eighth causes of action and for summary judgment dismissing the third and fourth counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the fourth counterclaim, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In August 2003, the plaintiff executed a contract whereby he purchased 16.67% of the shares of the defendant 3A North Park Ave. Rest Corp. (hereinafter the corporation) for $50,000. The defendants Angelo Ramunni and Dominick DeSimone each own 41.67% of the remaining shares of the corporation. The corporation was formed to own and operate a restaurant. The plaintiff served as the daytime manager of the restaurant from its opening in 2003 until February 2010, when he left his position. Shortly after resigning, the plaintiff proposed to sell his shares to Ramunni. Ramunni offered to pay the plaintiff the original purchase price of $50,000 for his shares, but the plaintiff rejected the offer.

Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of fiduciary duty and for common-law dissolution of the corporation, alleging that Ramunni and DeSimone looted the corporation by converting its cash revenues for their own use and benefit. The defendants asserted counterclaims alleging, among other things, breach of contract. The plaintiff thereafter moved for summary judgment, inter alia, on the causes of action alleging breach of fiduciary duty, for dissolution of the corporation, and to pierce the corporate veil, and for summary judgment dismissing the third and fourth counterclaims, which alleged breach of contract. The Supreme Court denied those branches of the plaintiff's motion.

The plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the causes of action alleging breach of fiduciary duty and for dissolution of the corporation. In support of his motion, the plaintiff relied upon a statistical analysis performed by his attorney, which allegedly demonstrated a specified amount of unreported profits earned by the corporation, of which the plaintiff never received a share. The Supreme Court correctly concluded that this analysis, only a small portion of which was corroborated by an expert, failed to satisfy the plaintiff's initial burden of proof (see *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455 [2006]; see generally *De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Jianrong Wang v Shao Ke*, 77 AD3d 1113, 1115 [2010]).

The plaintiff further failed to demonstrate his prima facie

entitlement to judgment as a matter of law dismissing the third counterclaim, which alleged that the plaintiff breached the parties' contract by refusing to sell back his shares, upon his resignation, for the original purchase price of $50,000. "When the language of a contract is ambiguous, its construction presents a question of fact that may not be resolved by the court on a motion for summary judgment" (*Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]). Here, the plaintiff failed to eliminate questions of fact as to whether the parties' contract required the plaintiff to sell back his shares to the corporation, upon his resignation, at the original purchase price (*see New Plan of Hillside Vil., LLC v Surrette*, 108 AD3d 512, 513 [2013]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law dismissing the fourth counterclaim, which alleged that he breached the parties' contract by engaging in certain misconduct at the workplace, resulting in lost business opportunities. To recover damages for breach of contract, a party must demonstrate, among other things, that damages resulted from the breach (*see W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 44 [2013]). Here, in support of his motion for summary judgment, the plaintiff submitted the defendants' responses to requests to admit and the deposition testimony of the defendant Angelo Ramunni in which the defendants admitted that they could not identify any prospective business that was lost due to the plaintiff's misconduct. Thus, the plaintiff demonstrated, prima facie, that the corporation did not sustain damages as a result of any alleged misconduct on his part in the performance of his job (*see W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d at 44). In opposition, the defendants failed to raise a triable issue of fact with respect to the element of damages.

The plaintiff's remaining contentions are without merit.

Accordingly, we modify the order appealed from by granting that branch of the plaintiff's motion which was for summary judgment dismissing the fourth counterclaim, and otherwise affirm the order insofar as appealed from. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.