(June 17, 2015)

■ Aquatic Pool & Spa Services, Inc., Respondent, v WN Weaver Street, LLC, Appellant. [13 NYS3d 120]—

In an action to recover damages for breach of contract, in quantum meruit, and on an account stated, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated March 10, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages in quantum meruit and on an account stated, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff and the defendant entered into a contract (hereinafter the contract) whereby the plaintiff agreed to furnish and install a swimming pool on a residential property developed by the defendant. The contract price of $73,000 was to be paid in installments. The typed contract provided that the final installment payment of $13,000 was due "upon completion." The handwritten term "c/o," which stands for certificate of occupancy, was added to that provision. The contract also provided that "[i]n the event extra material and/or labor is required, [the defendant] agrees to pay in addition to the contract price [herein] specified as reasonable for such material and/or labor."

The plaintiff commenced this action to recover damages for breach of contract, in quantum meruit, and on an account stated, alleging that the defendant failed to pay the final installment of the contract price. Additionally, the plaintiff claimed that the defendant failed to pay for certain additional materials and labor not included in the contract price. Subsequently, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied its motion.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's breach of contract cause of action seeking to recover the final installment payment. In support of its motion, the defendant submitted, inter alia, the affidavit of one of its members, who stated, "a Certificate of Occupancy has never been issued for the pool." Thus, the defendant established, prima facie, that its obligation to pay the final installment of the contract price had not arisen.

However, in opposition, the plaintiff raised a triable issue of fact by submitting two temporary certificates of occupancy unconditionally covering the pool. "While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *see Sheriff Officers Assn., Inc. v County of Nassau*, 69 AD3d 921 [2010]). Here, the contract is ambiguous as to whether the issuance of a temporary certificate of occupancy was sufficient to trigger the defendant's obligation to make the final installment payment, or whether that obligation was triggered only by the issuance of a final certificate of occupancy. Since a triable issue of fact exists as to the intention of the parties, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's breach of contract cause of action to recover the final installment payment (*see Cortes v 3A N. Park Ave. Rest Corp.*, 127 AD3d 909 [2015]; *IPE Asset Mgt., LLC v Fairview Block & Supply Corp.*, 123 AD3d 883 [2014]; *Boster-Burton v Burton*, 92 AD3d 909, 910-911 [2012]).

The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action seeking to recover for additional labor and materials allegedly provided by the plaintiff. Contrary to

the defendant's contention, it failed to establish, prima facie, that the additional labor and materials were already included within the contract price. Contrary to the defendant's further contention, the provision of extra labor and materials was expressly contemplated by the contract and, thus, under the circumstances of this case, did not constitute a change in the agreement, requiring the parties to execute a separate document pertaining to the additional work. Since the defendant failed to make its prima facie showing, the Supreme Court properly denied this branch of the defendant's motion, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action seeking to recover in quantum meruit and on an account stated. A party cannot recover under a theory of quantum meruit where a valid and enforceable written contract governs the subject matter involved in the dispute (*see Parker Realty Group, Inc. v Petigny*, 14 NY3d 864, 865-866 [2010]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc.*, 96 AD3d 725, 726 [2012]). Moreover, "a claim for an account stated may not be utilized simply as another means to attempt to collect under a disputed contract" (*Baptist Home of Brooklyn, N.Y. v Schott*, 74 AD3d 849, 851 [2010]; *see A. Montilli Plumbing & Heating Corp. v Valentino*, 90 AD3d 961, 962 [2011]; *Ross v Sherman*, 57 AD3d 758, 759 [2008]).

Here, the defendant expressly agreed, in the written contract, to pay "as reasonable" for required "extra material and/or labor." Therefore, the plaintiff's remedy with respect to the additional labor and materials is not in quantum meruit or account stated, but to seek recovery in breach of contract pursuant to that provision (*see Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc.*, 96 AD3d at 726; *cf. AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19 [2008]). Accordingly, the defendants were entitled to summary judgment dismissing the causes of action to recover damages in quantum meruit and on an account stated. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.